■ First National Bank of Downsville, Appellant, v Highland Hardwoods, Inc., et al., Defendants, and General Dimension Lumber Ser-

VICES, LTD., et al., Respondents. (Action No. 1.) FIRST NATIONAL BANK OF DOWNSVILLE, Appellant, v OTSEGO LAKE LUMBER SERVICES, LTD., et al., Respondents, et al., Defendants. (Action No. 2.) — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered May 17, 1983 in Delaware County, which, *inter alia,* denied plaintiff's motion for attachment against defendants Otsego Lake Lumber Services, Ltd., and Ernest Pasifakis, denied plaintiff's motion for a preliminary injunction against defendants, and vacated the temporary restraining orders granted to plaintiff against defendants. Plaintiff First National Bank of Downsville had provided financing for a number of years for defendant corporations Highland Hardwoods, Inc. (Highland) and Catskill Mills, Inc. (Catskill), which were engaged in the production of finished wood products. Both corporations were owned and controlled by defendant Robert T. Schuermann. The principal debt owed to plaintiff is secured by a security interest in the inventory of the two corporations and the proceeds therefrom. In late March or early April of 1982, Schuermann is alleged to have transferred control of Highland and Catskill to defendant Ernest Pasifakis, who allegedly is an officer and owner of defendant General Dimension Lumber Services, Ltd. (General). Pasifakis asserts that he was not a shareholder of either Highland, Catskill or General and that he was only a consultant for General. Catskill was in need of substantial working capital and, according to Schuermann, Pasifakis agreed to supply that capital and to pay off various corporate loans and trade creditors. Plaintiff further alleges that Pasifakis and General had entered into a series of transactions having the effect of removing, liquidating and concealing the assets of Highland and Catskill which had been pledged as security for plaintiff's loans. Pasifakis was alleged to have transferred part of the lumber inventory and equipment of Highland and Catskill to defendant Otsego Lake Lumber Services, Ltd. (Otsego), a corporation controlled by Pasifakis. Action No. 1 was commenced by plaintiff for money damages against Highland, Schuermann, General and Pasifakis. Plaintiff then obtained by ex parte order, an attachment and a supplemental attachment upon the assets of Highland and Catskill in the possession of General, Pasifakis and Otsego by orders to show cause dated September 22 and September 29, 1982, respectively. A default judgment was entered against all defendants except Pasifakis. Thereafter, a motion to relieve General of such default was granted to the extent of directing a hearing which has not yet been held. Action No. 2 was instituted on November 22, 1982 against Otsego, Highland, General, Catskill and Pasifakis for recovery of allegedly concealed assets. Plaintiff obtained a temporary restraining order preventing certain transfers of the assets of Highland and Catskill. A motion was made to confirm the attachments and for a preliminary injunction enjoining defendants from transferring the lumber inventory or equipment and enjoining certain European businesses from making payments for wood products which are allegedly embraced by plaintiff's security interest. As judgments had been previously entered upon the underlying claims against Highland, Schuermann and General, plaintiff's application *pendente lite* was directed to Pasifakis, Otsego and Catskill. Special Term denied plaintiff's motions for attachment against Pasifakis and Otsego but granted an order of attachment against Catskill. Special Term also denied plaintiff's motion for a preliminary injunction against defendants and vacated the temporary restraining orders. This appeal by plaintiff is from every part of said order except the grant of an attachment against Catskill. The order entered at Special Term should be affirmed. Plaintiff's application for an order of attachment was properly denied. To justify an attachment in these circumstances, plaintiff must make a sufficient showing of fraudulent intent on the part of any defendant (CPLR 6201, subd 3; *Eaton Factors Co. v Double Eagle Corp.,* 17

AD2d 135). Attachment is considered a harsh remedy and the statute is strictly construed in favor of those against whom it may be employed (*Siegel v Northern Blvd. & 80th St. Corp.*, 31 AD2d 182, 183). Moreover, the issuance of an order of attachment is within the discretion of the trial court (*Zenith Bathing Pavilion v Fair Oaks S. S. Corp.*, 240 NY 307, 312-313). A review of the record in the case at bar reveals that the facts are largely disputed. The proof offered to establish the required intent to defraud was so uncertain that it cannot be said that Special Term abused its discretion in denying the attachment orders. Special Term properly concluded that Pasifakis and Otsego were not holding any proceeds payable to either Highland or Catskill that represented plaintiff's collateral. The transfer of machinery or equipment from Catskill's plant was not subject to plaintiff's security interests as it was not part of the collateral described in the security agreements and accompanying financial statements. Clearly, plaintiff's secured interests in the assets of Highland and Catskill were not perfected until May 18, 1982 and no proceeds were due either Highland or Catskill from Pasifakis, General or Otsego after that date. Plaintiff's application for an injunction *pendente lite* was also denied. The drastic remedy of a preliminary injunction will not be granted unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing such an undisputed right rests upon the movant (*Gulf & Western Corp. v New York Times Co.*, 81 AD2d 772; *Brand v Bartlett*, 52 AD2d 272). In the instant litigation, plaintiff has not shown that it has an undisputed right to the assets sought to be enjoined. Nor has plaintiff shown that the assets in question are the subject matter of the action. Further, an attachment is the more appropriate remedy to prevent a removal, transfer or disposition of property, rather than an injunction (*Fair Sky v International Cable Ride Corp.*, 23 AD2d 633). The argument that Special Term should have granted plaintiff a hearing concerning ownership of the lumber inventory transferred from the Catskill and Highland properties to the Otsego site is without merit. Plaintiff never requested such a hearing. Order affirmed, with costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.