■ RICHARD P. BUEGLER et al., Respondents, v JAMES WALSH et al., Appellants. — Appeal by defendants from an order of the Supreme Court, Richmond County (McBrien, J.), dated January 2, 1985, which granted plaintiffs' motion for a preliminary injunction and directed that, pending a full trial on the issues raised, the defendants be enjoined, *inter alia,* from removing trees and other foliage for the purpose of constructing community residences for developmentally disabled residents of the Staten Island Developmental Center.

Order reversed, with costs, and motion for a preliminary injunction denied.

This appeal arises as an aftermath of the highly publicized investigation into the conditions at the Willowbrook State School, now known as the Staten Island Developmental Center (hereinafter SIDC). In 1972, a class action was instituted on behalf of the almost 6,000 mentally retarded and developmentally disabled persons then residing at Willowbrook. The class

sought, as its primary relief, the deinstitutionalization of Willowbrook residents and their reintegration into the mainstream of society through placement in community residences. In 1975, the parties entered into a consent judgment which was approved by the Federal court, and which set forth a schedule providing for the placement of the class members into group homes. In early 1984, the State of New York, acting through its Office of Mental Retardation and Developmental Disabilities (OMRDD), announced its intention to close SIDC by 1987, and began a campaign for the immediate placement of the remaining SIDC clients. SIDC, however, encountered substantial difficulties in finding available community residences and OMRDD concluded that the best way to facilitate the placement was to build two 12-bed and two 24-bed facilities on a part of the State-owned property comprising SIDC. The location chosen was a tract of approximately four acres out of a total of 40 acres constituting a woodland area known as Corson's Brook Woods, in Staten Island. This identical site had been the subject of a study conducted in 1983 by the New York City Department of City Planning, referred to as the Staten Island Greenbelt Study. The goal of the "Greenbelt" plan is to create a natural open space preserve where development would not be permitted. It was recommended that the State transfer Corson's Brook Woods to the Greenbelt Conservation Trust and this recommendation was passed by local community boards.

The Protectors of Pine Oak Woods, Inc., a local environmental organization, opposed the OMRDD plan from its inception. In early November 1984, members of this group became aware that surveyors, hired by the State, had begun preparations for the construction of the group homes. The organization and its president accordingly commenced the instant action seeking to enjoin and restrain defendants from cutting and/or removing trees and other foliage from Corson's Brook Woods. A preliminary injunction was subsequently issued, giving rise to the instant appeal.

Plaintiffs have failed to demonstrate a likelihood of ultimate success on the merits, and we accordingly reverse Special Term's order granting the preliminary injunction. Plaintiffs' right to an injunction "must be certain as to the law and the facts and the burden of establishing such an undisputed right rests upon the plaintiffs" (*Camardo v Board of Educ.*, 50 AD2d 1073).

Plaintiffs allege that defendants have breached rules and regulations as well as a contract between the city and the people of the State of New York. Conspicuously absent from plaintiffs' motion papers is a reference to a specific rule or regulation. Nor is it clear from the affidavits submitted that any contract had

been created. Since "[b]are conclusory allegations are insufficient to support a motion for a preliminary injunction" (*Kaufman v International Business Machs. Corp.,* 97 AD2d 925, 926), the relief requested by plaintiffs must be denied. Titone, J. P., Lazer, Niehoff and Rubin, JJ., concur.