■ COUNTY OF ORANGE, Appellant-Respondent, v RAYMOND LOCKEY et al., Respondents-Appellants. — In an action to set aside a deed to a certain parcel of real property, (1) the plaintiff appeals from so much of an order of the Supreme Court, Orange County (Delaney, J.), dated December 7, 1983, as denied so much of its motion as was to preliminarily enjoin the defendants from moving or otherwise disturbing the earth in preparation for the construction of a dwelling or other structure on the subject property and (2) the defendants cross-appeal from so much of the same order as preliminarily enjoins them from "demolishing or altering the gates on the property in question known as the Glenmere gates".

Order affirmed insofar as appealed from by plaintiff, without costs or disbursements.

Cross appeal dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this court (22 NYCRR 670.02 [d], [f]).

The plaintiff County of Orange (the County) commenced this action by the service of summons and verified complaint, seeking, inter alia, a judgment against the defendants rescinding

and canceling the deed of conveyance of certain real property from the County to the defendants and "upon cancelling, rescinding, vacating and setting aside the aforesaid deed of conveyance, [adjudging that the County is] the true and lawful owner" of the property. Thereafter the County, by order to show cause, moved for preliminary injunctive relief, enjoining the defendants from "demolishing the gates presently situate on the subject premises, moving earth or otherwise disturbing the earth in preparation of [*sic*] the commencement of a dwelling or other structure thereon".

Noting that "[t]he application is unusual in that it seeks to enjoin the defendants from utilizing land which the County of Orange has previously conveyed to them", the court granted the application to the extent of enjoining the defendants, pending the trial and determination of the County's action, "from demolishing or altering the gates on the property in question known as the Glenmere gates". However, that branch of the County's application which sought an order preliminarily "enjoining the defendants from moving earth, [etc.]", was denied. The court's decision was based on its findings that the County had "failed to show a sufficient likelihood of ultimate success on the merits and indeed, [had] also failed to show that the trial equities of the situation are in [its] favor. However, the defendants have * * * conceded that it is not their intent to demolish or alter the gates in any manner". In light of this concession, the court granted the application to the limited extent indicated.

The law is well settled that to prevail on an application for preliminary injunctive relief, the moving party must demonstrate " '(1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of equities favors [the movant's] position' " (*Barone v Frie,* 99 AD2d 129, 132, quoting from *Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306). Preliminary injunctive relief is a drastic remedy which will not be granted "unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant" (*First Natl. Bank v Highland Hardwoods,* 98 AD2d 924, 926; *accord, Buegler v Walsh,* 111 AD2d 206).

Based upon our review of the record, we conclude that the County failed to satisfy its burden of proving "a clear right" to preliminary injunctive relief. First, the affidavits submitted in support of, and in opposition to, the motion establish that numerous substantial factual issues exist between the parties and, indeed the County concedes as much. Given the conflicting

affidavits submitted on the motion we are unable to conclude that there is a likelihood that the County will succeed on the merits (*see, DiStefano v PSFB Assoc.,* 103 AD2d 839, 840; *Buegler v Walsh, supra*).

Second, it appears that a balancing of the equities does not favor the County. Subsequent to the conveyance of the real property in question, the defendants, relying upon the conveyance, entered into "a binding construction contract" with Lincoln Logs, Ltd., for the purchase of a Lincoln Log home. The contract, *inter alia,* provided for the delivery of a "pre-cut log home" to the subject property on a date certain, the payment by the defendants of a $3,800 nonrefundable deposit to Lincoln Logs, Ltd., and an additional sum of approximately $4,200 to fulfill the defendants' "pre-cutting schedule" in their contract with Lincoln Logs, Ltd., "for the December 31, 1983 contract deadline for delivery". The contract also provided that the defendants were to become "exclusive distributors for Lincoln Log homes" in a certain area. According to the defendants, as a consequence of this action they have forfeited the moneys expended pursuant to the contract, because they were unable to "furnish * * * property on which to deposit the building materials" by the delivery date specified in the contract. As a second consequence of the pendency of this action, the defendants have alleged that they "have been unable to become exclusive distributors", thereby losing profits and sustaining damages.

Nor do we find any merit to the County's contention that the court's order, granting in part and denying in part the application for preliminary injunctive relief, was inconsistent. As previously indicated preliminary injunctive relief was granted "[i]n light of [the defendants'] concession" that it was "not their intent to demolish or alter the [Glenmere] gates in any manner".

We have reviewed the County's remaining contention and find it to be lacking in merit. Mollen, P. J., Lazer, Mangano and Brown, JJ., concur.