■ SANFORD NALITT et al., Respondents, v CITY OF NEW YORK et al., Appellants.—In an action, *inter alia,* for specific performance of a contract for the sale of real property, the defendants appeal (1) from an order of the Supreme Court, Richmond County (Leone, J.), dated April 22, 1986, which granted the plaintiffs' application for a preliminary injunction staying the defendant New York City Public Development Corporation's notice of termination of its contract with the plaintiffs, staying the running of the period within which to close on the contract, enjoining the defendants from issuing a new request for proposal and ordering the defendants to execute, acknowledge and deliver to the plaintiffs a memorandum of contract, and (2) from so much of an order of the same court, dated May 21, 1987, as, upon renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order dated April 22, 1986, is dismissed, as that order was superseded by the order dated May 21, 1987, made upon renewal and reargument; and it is further,

Ordered that the order dated May 21, 1987 is reversed insofar as appealed from, the order dated April 22, 1986 is vacated and the plaintiffs' application for a preliminary injunction is denied; and it is further,

Ordered that the defendants are awarded one bill of costs.

As we have previously noted, "[t]he law is well settled that to prevail on an application for preliminary injunctive relief, the moving party must demonstrate ' "(1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) that a balancing of equities favors [the movant's] position" ' *(Barone v Frie,* 99 AD2d 129, 132, quoting from *Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306). Preliminary injunctive relief is a drastic remedy which will not be granted 'unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of showing an undisputed right rests upon the movant' *(First Natl. Bank v Highland Hardwoods,* 98 AD2d 924, 926; *accord, Buegler v Walsh,* 111 AD2d 206)" *(County of Orange v Lockey,* 111 AD2d 896, 897).

We find that the Supreme Court, Richmond County, abused its discretion in granting the plaintiffs' application. "Given the conflicting affidavits submitted on the motion we are unable to conclude that there is a likelihood that the [plaintiffs] will succeed on the merits" *(County of Orange v Lockey, supra,* at 897-898).

In light of our determination, we need not reach the defendants' other contentions. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.