■ J.S. ANAND CORPORATION, Appellant, v AVIEL ENTERPRISES, INC., et al., Respondents.—In an action, *inter alia,* to rescind a contract on the ground of fraud, the plaintiff appeals from an order of the Supreme Court, Queens County (Katz, J.), dated May 10, 1987, which denied its motion for a preliminary injunction enjoining the defendants from enforcing a security agreement or from otherwise seeking to recover possession of certain business premises.

Ordered that the order is affirmed, with costs.

It is well settled that in order to be entitled to a preliminary injunction, a movant must clearly demonstrate (1) a likelihood of ultimate success of the merits, (2) irreparable injury absent granting of the preliminary injunction, and (3) a balancing of the equities in his favor *(Grant Co. v Srogi,* 52 NY2d 496; *L & J Roost v Department of Consumer Affairs,* 128 AD2d 677). Preliminary injunctive relief is a drastic remedy which will not be granted "unless a clear right thereto is established under the law and the undisputed facts upon the moving papers, and the burden of such showing an undisputed right rests upon the movant" *(First Natl. Bank v Highland Hardwoods,* 98 AD2d 924, 926; *Nalitt v City of New York,* 138 AD2d 580, 581). Based upon a review of the record, the plaintiff did not satisfy its burden of proving a "clear right" to

preliminary injunctive relief. The affidavits submitted by the parties demonstrate that there are many unresolved issues, and as such, it cannot be determined whether or not there is a likelihood that the plaintiff will succeed on the merits.

Furthermore, there was a failure to submit sufficient proof to show that the plaintiff would suffer irreparable injury absent the granting of this preliminary injunction *(Armbruster v Gipp,* 103 AD2d 1014). The bare conclusory allegations made by the plaintiff were insufficient to satisfy its burden *(see, Kaufman v International Business Machs. Corp.,* 97 AD2d 925, *affd* 61 NY2d 930). Moreover, the defendant had a legitimate interest in enforcing the security agreement. In the absence of a sufficient showing by the plaintiff that enjoining the defendants from enforcing the agreement would result in irreparable injury to it, the balance of the equities favored the defendants.

As a result, the denial of the preliminary injunction by the Supreme Court did not constitute an improvident exercise of its discretion. Thompson, J. P., Lawrence, Kunzeman and Rubin, JJ., concur.