■ Danae Art International Inc. et al., Appellants, v Sylvester Stallone et al., Respondents.—Order of the Su-

preme Court, New York County (Carol Huff, J.), entered on or about January 23, 1990, which, *inter alia,* denied plaintiffs' motion for a preliminary injunction prohibiting defendants from removing a painting from the State or disposing of it in any way, unanimously reversed, on the law, the facts and in the exercise of discretion, and the motion for a preliminary injunction granted, with costs.

This is an action to recover a painting by Francis Bacon entitled "Oedipus Rex and the Sphinx, after Ingres". Plaintiffs assert that they purchased the painting, owned by defendant Stallone, through his agents, defendants Barbara Guggenheim and Barbara Guggenheim Associates, Inc., paying some $2,070,000 by check which Stallone cashed.

Defendant Stallone asserts that while he originally gave authority to defendant Guggenheim to sell the painting, he revoked that authority. He further alleges that he cashed the check for $2,070,000 only when Guggenheim misrepresented to him that the painting had been transferred to plaintiffs and was no longer in the warehouse of defendant Cirker's Hayes Storage Warehouse, Inc.

CPLR 7109 authorizes a court to grant a preliminary injunction where the chattel is unique. Plaintiffs still must meet the requirements for a preliminary injunction which are a clear right to relief, a balancing of equities in their favor and irreparable harm if the injunction is not granted. *(Grant Co. v Srogi,* 52 NY2d 496, 517 [1981].) Here plaintiffs have made a strong case on the first two requirements. Plaintiffs appear to have relied on the authority or apparent authority of the Guggenheim defendants to sell the painting. While the existence of the third requirement, of irreparable harm if the injunction is not granted, is arguable, particularly in view of the fact that plaintiffs are art dealers in the business of selling art, we deem it appropriate to maintain the status quo pending a resolution of the issues presented. Concur—Murphy, P. J., Carro, Asch, Ellerin and Smith, JJ.