■ MARC GOLDBERGER et al., Appellants, v LENORE TANT-LEFF, Respondent.—In an action, *inter alia,* for a permanent injunction directing the defendant to remove certain obstructions from her land and to refrain from interfering with a surface drainage easement allegedly reserved in the deed to the defendant's grantor for the benefit of the plaintiffs' property to prevent flooding thereon, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Molloy, J.), dated October 11, 1989, which denied their motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The plaintiffs and the defendant owned contiguous parcels which were deeded by a common owner to their respective predecessors-in-interest. The plaintiffs, in their complaint, assert various causes of actions based on allegations that the defendant's conduct on her own land has blocked and continues to block a surface drainage easement. The easement was

allegedly reserved in the deed to the defendant's grantor for the benefit of the plaintiffs' property to prevent flooding thereon. In addition to seeking monetary damages due to the flooding of their property, the plaintiffs seek a permanent injunction directing the defendant to remove alleged obstructions on her land and to refrain from interfering with the alleged easement.

Contrary to the plaintiffs' contentions, the Supreme Court did not improvidently exercise its discretion by denying their motion (see, CPLR 6301; see generally, County of Orange v Lockey, 111 AD2d 896, 897). The documents in the record raise substantial issues of fact. While a surface drainage easement was reserved in the deed to the defendant's grantor, the plaintiffs did not submit any evidence identifying their property as the dominant estate intended to benefit therefrom. Moreover, there is an issue as to whether the defendant's alleged conduct on her own land has caused or continues to cause the flooding of the plaintiffs' property. Therefore, the plaintiffs did not meet their burden of establishing prima facie that they were likely to succeed on the merits of their claims (see, e.g., Burcon Props. v Dalto, 155 AD2d 501, 502; First Natl. Bank v Highland Hardwoods, 98 AD2d 924, 926). Further, the plaintiffs failed to allege sufficient facts establishing that a balancing of the equities favored the granting of a preliminary injunction. Kooper, J. P., Lawrence, Harwood and Miller, JJ., concur.