■ In the Matter of CHARLES GANDOLFO et al., Respondents, v FRANKLIN E. WHITE, as Commissioner of the New York State Department of Transportation, et al., Appellants, et al., Respondent. [638 NYS2d 333] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Transportation dated March 4, 1994, the appeal is from an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 12, 1994, which granted the petitioners' motion for a preliminary injunction enjoining the New York State Department of Transportation from awarding contracts for towing operations to the respondents Masters Collisions, Inc., Ogden Brothers Collision, Inc., and K. Lombardi Towing, Inc.

■ In the Matter of CHARLES GANDOLFO et al., Respondents, v FRANKLIN E. WHITE, as Commissioner of New York State Department of Transportation, et al., Appellants, et al., Respondent. [638 NYS2d 160] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Transportation dated March 4, 1994, the appeal is from a judgment of the Supreme Court, Suffolk County (Seidell, J.), entered January 27, 1995, which, *inter alia,* annulled the determination of the New York State Department of Transportation to award towing contracts to Masters Collision, Inc., Ogden Brothers Collision, Inc., and K. Lombardi Towing,

Inc., and directed the Department of Transportation to seek new bids for the contracts.

Ordered that the judgment is reversed, on the law, with one bill of costs payable to the appellants appearing separately and filing separate briefs, the determination is confirmed, and the proceeding is dismissed.

On January 7, 1994, the New York State Department of Transportation (hereinafter DOT) opened sealed bids for contracts which would allow the successful bidders to provide towing services on various sectors of the State Parkways on Long Island. The winning bidders for Sectors 1A, 3, and 4 were, respectively, Masters Collision, Inc., Ogden Brothers Collision, Inc., and K. Lombardi Towing, Inc. The petitioner Elmont Auto Collision, Inc. was the second highest bidder for Sectors 1A and 3, and the petitioner Higbie Collision, Inc. was the second highest bidder for Sector 4. The petitioners held the previous contracts for those sectors which were scheduled to expire on March 31, 1994.

In March 1994 shortly before the new towing contracts were to go into effect, the petitioners commenced this CPLR article 78 proceeding to review the DOT's determination, arguing that the successful bidders had failed to comply with contract requirements which, among other things, mandated that the successful bidder own or lease a secure storage lot sufficient for a minimum of 50 cars. The Supreme Court subsequently granted the petitioners' application for a preliminary injunction barring the new contracts from taking effect during the pendency of this proceeding. Thereafter, following a hearing, the Supreme Court concluded that the DOT had acted arbitrarily in relying upon visual inspections to determine whether or not the successful bidders had satisfied the contract requirements pertaining to secure lots, and annulled the agency's award of the subject towing contracts to them.

The appellants contend that the Supreme Court erred in granting the petitioners' application for a preliminary injunction because the petitioners failed to make the requisite showing of: (1) a likelihood of ultimate success on the merits, (2) irreparable harm, and (3) a balancing of the equities in their favor (see, MacIntyre v Metropolitan Life Ins. Co., 221 AD2d 602; L & J Roost v Department of Consumer Affairs, 128 AD2d 677). We agree. The conflicting evidence offered at the preliminary injunction hearing did not demonstrate that the DOT acted arbitrarily and capriciously in determining that the successful bidders met the contract requirements, and, accordingly, was insufficient to establish that the petitioners were

likely to succeed on the merits. Moreover, the petitioners' conclusory assertions that the loss of the towing contracts would cause them harm, which were not supported by financial records, did not establish irreparable injury *(see, Anand Corp. v Aviel Enters.,* 148 AD2d 496; *L & J Roost v Department of Consumer Affairs, supra).* Although the petitioners were subsequently awarded a permanent injunction we note that the issue of whether the preliminary injunction was properly granted remains viable inasmuch as damages may be recovered for an improperly issued preliminary injunction *(see,* CPLR 6315).

We further find that the Supreme Court erred in granting the petition and annulling the DOT's determination. It is well settled that a reviewing court may not disturb an administrative determination "unless there is no rational basis for the exercise of discretion or the action complained of is 'arbitrary and capricious'" *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 231; *Matter of Colton v Berman,* 21 NY2d 322). Moreover, once a rational basis for an agency's determination is found to exist, "the court's power to interfere in the award of a contract arising out of the bidding process is ended" *(Abco Bus. Co. v Macchiarola,* 75 AD2d 831, 833 [Hopkins, J. P., dissenting], *revd on other grounds* 52 NY2d 938, *cert denied* 454 US 822). Contrary to the conclusion reached by the Supreme Court, there was a rational basis for the DOT's determination that the successful bidders satisfied the minimum contract requirements. In this regard, we note that although the Supreme Court found the agency's reliance upon visual inspections of the successful bidders' premises to be arbitrary, the subject inspections were performed by a highly experienced civil engineer who had been performing similar inspections on behalf of the agency for 14 years. Under these circumstances, we cannot say that the agency's reliance upon the visual inspections performed by its employee was arbitrary and capricious. Rosenblatt, J. P., Hart, Krausman and Goldstein, JJ., concur.