█ JACKQULYN MCMILLAN, Appellant, v PARK TOWERS OWNERS CORPORATION, Respondent. [640 NYS2d 144]

The defendant Park Towers Owners Corporation (hereinafter Park Towers) is a cooperative housing corporation and the owner of an apartment building located at 370 Ocean Parkway in Brooklyn. The plaintiff is a Park Towers shareholder and the proprietary lessee of an apartment in the Park Towers building.

On March 29, 1994, Park Towers served the plaintiff with a 10-day notice to cure, which stated that the plaintiff was in default, that her arrears totalled $17,317.72 (which included $4,286.50 in late charges and legal fees), that she had until April 14, 1994, to cure her default by tendering full payment, and that failure to cure would result in termination of the proprietary lease and further legal proceedings. The plaintiff failed to comply with the notice and on April 21, 1994, Park Towers served the plaintiff with a notice of termination, which stated that the proprietary lease would be terminated on April 30, 1994, and further legal proceedings would be commenced.

Thereafter, the plaintiff commenced this action seeking, among other things, to permanently enjoin Park Towers from effecting a nonjudicial foreclosure on her cooperative shares or proprietary lease pursuant to Uniform Commercial Code article 9. The plaintiff also moved to preliminarily enjoin Park Towers from foreclosing on her shares of stock or proprietary lease during the pendency of this action. The plaintiff contended that Park Towers did not have an enforceable security interest because the proprietary lease did not constitute a valid security agreement and further contended that Park Towers was not entitled to the claimed arrears. The Supreme Court denied the plaintiff's motion. We reverse.

Since reservation of title under a lease does not create a se-

curity interest unless the parties so intended, the mere existence of a proprietary lease, without more, does not establish an enforceable security agreement to which the Uniform Commercial Code applies (*see,* UCC 1-201 [37]; *Saada v Master Apts.,* 152 Misc 2d 861, 866-867; *DeCastro v Karen Gardens Apts. Corp.,* NYLJ, July 28, 1993, at 24, col 6). Preservation of the status quo, absent a clear showing of entitlement to proceed under Uniform Commercial Code article 9, is essential because, otherwise, a cooperative corporation or partnership would be able to divest shareholders-lessees of their ownership interests in their apartments without any judicial determination of equitable defenses or counterclaims (*see,* UCC 9-504). Thus, we find that the plaintiff established a likelihood of success on the merits, a balancing of the equities in her favor, and a threat of irreparable injury, and that, consequently, the plaintiff is entitled to a preliminary injunction to the extent indicated (*see, County of Orange v Lockey,* 111 AD2d 896). Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.