YESHIVA UNIVERSITY, Appellant, v SHARON G. GREEN-BERG, Respondent. [644 NYS2d 313]

The instant action arises out of a dispute between the parties concerning title to, and the right to commercially distribute, an antibody known as PHF-1 and its cell line. This antibody has the potential for use in diagnosing and treating Alzheimer's disease. The record indicates that the defendant developed this antibody while employed by the plaintiff as a research associate in the Pathology Department of the plaintiff's Albert Einstein College of Medicine (hereinafter AECOM). The defendant worked in a laboratory headed by Dr. Peter Davies, who was conducting research relating to Alzheimer's disease.

After joinder of issue, both sides moved for preliminary injunctive relief.

It is well settled that a preliminary injunction will not be granted unless the moving party first establishes "(1) the likelihood of success on the merits; (2) irreparable injury absent granting the preliminary injunction; and (3) a balancing of the equities" (Grant Co. v Srogi, 52 NY2d 496, 517; Doe v Poe, 189 AD2d 132; see also, Danae Art Intl. v Stallone, 163 AD2d 81; Anand Corp. v Aviel Enters., 148 AD2d 496). An examination of the evidentiary submissions to the Supreme Court, including, inter alia, records concerning the defendant's employment status and duties, paragraph III (A) of AECOM's Policy on

Patents and Licensing Agreements (hereinafter the Patent Policy), and an Acceptance Agreement executed by the defendant which obligates her to abide by the Patent Policy, demonstrates that it is the plaintiff, rather than the defendant, which will likely succeed on the merits (see, Oliver v Lockport Mills, 6 Misc 2d 356; Cahill v Regan, 5 NY2d 292, affg 4 AD2d 328; University Patents v Kligman, 762 F Supp 1212). Moreover, the granting of a preliminary injunction to the defendant, and the denial of that relief to the plaintiff, would cause the plaintiff irreparable injury by preventing AECOM's existing licensee, Molecular Geriatrics Inc., from developing commercial products, including diagnostic tests and therapeutic drugs, for use in combating Alzheimer's disease.

Under these circumstances, the Supreme Court erred in failing to grant all of the preliminary injunctive relief requested by the plaintiff and in granting the defendant's request for preliminary injunctive relief. Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.