■ ALLEN YAO-HUNG CHANG et al., Respondents, v SDI INTERNATIONAL INC., Doing Business as MAGIC JEWELRY SPECIALIZE IN FENG SHUI, et al., Appellants, et al., Defendants. [792 NYS2d 91]—

In a consolidated action, inter alia, to recover damages for fraudulent misrepresentation, the defendants SDI International Inc., doing business as Magic Jewelry Specialize in Feng Shui, Li Tang Wang, Lei Sun, Dai Hong, Chiu Chin Chen, Wendy Liu, and John Doe #1 through John Doe #10 appeal, by permission, from an order of the Supreme Court, Queens County (Hart, J.), dated March 17, 2003, which, among other things, granted the plaintiffs' oral application to compel them to comply with certain interrogatories seeking certain financial information and, sua sponte, enjoined them from engaging in any asset transfers of over $1,000 without leave of court.

Ordered that the appeal from so much of the order dated March 17, 2003, as granted that branch of the plaintiffs' oral application which was to compel the appellants to comply with certain interrogatories seeking certain financial information is dismissed; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and the injunction preventing them from engaging in any asset transfers of over $1,000 without leave of court is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellants.

The appeal from so much of the order dated March 17, 2003, as granted that branch of the plaintiffs' oral application which was to compel the appellants to comply with certain interrogatories seeking certain financial information is dismissed, as that order was, in effect, superseded by an order of the same court dated September 22, 2003 (see Chang v SDI Intl. Inc., 15 AD3d 520 [2005] [decided herewith]). That order, inter alia, granted the appellants' motion for a protective order and denied the cross motion of the plaintiff Allen Yao-Huang Chang to compel compliance with a discovery notice seeking essentially the same information.

The Supreme Court improperly enjoined the appellants from engaging in any asset transfers of over $1,000 without leave of court. There was no motion for a preliminary injunction before the court, and, in any event, the record does not support the granting of such drastic relief (see CPLR 6312 [b]; W.T. Grant Co. v Srogi, 52 NY2d 496, 517 [1981]; County of Orange v Lockey, 111 AD2d 896 [1985]). Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.