■ ALLEN YAO-HUNG CHANG et al., Respondents, v SDI INTER-NATIONAL INC., Doing Business as MAGIC JEWELRY SPECIALIZE IN FENG SHUI, et al., Appellants, et al., Defendants. [792 NYS2d 92]—

In a consolidated action, inter alia, to recover damages for fraudulent misrepresentation, the appeal is from an order of the Supreme Court, Queens County (Hart, J.), dated May 9, 2003, which denied the motion of the defendants SDI International Inc., doing business as Magic Jewelry Specialize in Feng Shui, Li Tang Wang, Lei Sun, Wendy Liu, and John Doe #1 through John Doe #10 for a protective order as to certain interrogatories and for recusal.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for a protective order is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from so much of the order as denied the appellants' motion for a protective order as to certain interrogatories must be dismissed as that order was, in effect, superseded by an order of the same court dated September 22, 2003 (see Chang v SDI Intl. Inc., 15 AD3d 518 [2005] [decided herewith]). That order, inter alia, granted the appellants' motion for a protective order and denied the cross motion of the plaintiff Allen Yao-Hung Chang to compel compliance with a discovery notice seeking essentially the same information.

Contrary to the appellants' contention, the trial court properly denied that branch of their motion which sought its recusal. Absent an express violation of Judiciary Law § 14, the decision on a recusal motion based upon alleged bias and prejudice, as here, is generally a matter of the court's personal conscience and discretion (see Judiciary Law § 14; 22 NYCRR 100.3; EECP Ctrs. of Am. v Vasomedical, Inc., 277 AD2d 349 [2000]). Here, that discretion was providently exercised.

The parties' remaining contentions either are not properly before the Court, as they involve oral determinations not encompassed by the order appealed from (see CPLR 5701), or are without merit. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.