Buchman v 117 E. 72nd St. Corp.

2026 NY Slip Op 02873

May 7, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Phyllis Buchman, Plaintiff-Respondent-Appellant,

v

117 East 72nd Street Corp. et al., Defendants-Appellants-Respondents.

Decided and Entered: May 07, 2026

Index No. 650576/25|Appeal No. 6561|Case No. 2025-07559|

Before: Moulton, J.P., Gesmer, Higgitt, Michael, Chan, JJ.

Boyd Richards Parker & Colonnelli. P.L., New York (Maria Boboris of counsel), for appellants-respondents.

Smith, Buss & Jacobs, LLP, New York (Jacqueline L. Aiello of counsel), for respondent-appellant.

[*1]

Order, Supreme Court, New York County (Emily Morales-Minerva, J.), entered November 24, 2025, which granted plaintiff's motion pursuant to CPLR 6301 solely to the extent of continuing the temporary restraining order restraining defendants from taking any steps to sell the shares to plaintiff's apartments at a nonjudicial foreclosure sale and staying the action and a related 2021 action pending resolution of defendant 117 East 72nd Street Corp.'s nonpayment proceeding, unanimously affirmed, without costs.

The motion court providently restrained defendants from proceeding under the Uniform Commercial Code with a nonjudicial sale of plaintiff's shares appurtenant to two apartments pending resolution of defendant cooperative's nonpayment proceeding against plaintiff. Defendants did not submit the share certificates or any other documents with their motion papers to make a "clear showing of entitlement to proceed under UCC article 9," warranting a stay to preserve the status quo (McMillan v Park Towers Owners Corp., 225 AD2d 742, 744 [2d Dept 1996] ). This result is particularly apt here, given that plaintiff's right to withhold maintenance based on defendants' role in changing the certificate of occupancy for her apartment without her knowledge or consent, at issue in her claim for declaratory relief, was raised as a defense to defendant cooperative's pending nonpayment proceeding.

With respect to plaintiff's cross-appeal, we find no reason to disturb the court's analysis of plaintiff's likelihood of success on the balance of her claims, as "the grant or denial of a motion for a preliminary injunction does not constitute the law of the case or an adjudication on the merits" (Huguenot LLC v Megalith Capital Group Fund I, LP, 191 AD3d 530, 530 [1st Dept 2021] [internal quotation marks omitted]).

The court also providently stayed, sua sponte, this action and the related 2021 Supreme Court action pending between the parties until the resolution of the cooperative's nonpayment proceeding. Supreme Court "has broad discretion to grant a stay in order to avoid the risk of inconsistent adjudications, duplication of proof and potential waste of judicial resources" (215 W. 84th St Owner LLC v Ozsu, 209 AD3d 401, 401 [1st Dept 2022]; see also Belopolsky v Renew Data Corp., 41 AD3d 322, 322 [1st Dept 2007]). The issues in the two Supreme Court actions are identical and concern nearly all of the same facts, parties, and legal questions that will be considered in the nonpayment proceeding, rendering provident the court's exercise of its discretion in staying the cases pending before it.

We have considered the remaining contentions and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 7, 2026