## THIRD DEPARTMENT, MAY, 1954.*

### (May 18, 1954.)

MICHAEL R. McCALL, Individually and as a Member and as Secretary-Treasurer of Local Union No. 294, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., et al., Plaintiffs, v. DAVE BECK, Individually and as President of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., et al., Defendants.— This is a motion to vacate a stay which had been granted ex parte in connection with an order to show cause upon an application for an injunction *pendente lite.*  We do not believe that, in a matter of this character, a stay should have been granted ex parte.  There was no showing that immediate and irreparable injury, loss or damage would have resulted if notice of a day or two had been given to the adverse parties.  (Civ. Prac. Act., § 882.)

* Not published with other decisions of May, 1954, 283 App. Div. 974.

We therefore grant the motion and we vacate the provisions of the order to show cause herein dated May 12, 1954, reading as follows: "Ordered, that pending the hearing and determination of this motion, the defendants, their agents, servants and/or employees, and all persons acting in concert or participation with them are hereby enjoined from asserting or exercising any dominion or control over, or interference with, whether by trusteeship or otherwise, in the affairs, books, records, documents, funds, assets or properties of Local Union #294, or Michael R. McCall as Secretary-Treasurer thereof; and the said defendants are hereby, Ordered and Directed to return to Michael R. McCall as Secretary-Treasurer of Local Union #294, all of the books, papers, bankbooks, funds, documents, contracts, assets and other properties of Local Union #294, and restore to the officers and executive board of Local #294, dominion and control over the affairs, assets, properties and activities of Local #294." We further order and direct that the plaintiffs, their attorneys, agents, servants and employees, and all persons acting in concert or participation with them forthwith restore and return any and all books, papers, bankbooks, funds, documents, contracts, assets and other properties of Local Union No. 294, and any dominion and control over the affairs, assets, properties and activities of Local Union No. 294, which they may have obtained, asserted or received by virtue of, or as a result of, the provisions of the aforesaid order to show cause hereby vacated. We express no opinion as to whether a stay should or should not be granted in this case upon notice to the adverse parties, pending the hearing and determination of the application for an injunction *pendente lite*. If the plaintiffs desire to apply for such a stay, such application may be made upon two days' notice; or if the plaintiffs so desire, they may advance the hearing of the application for an injunction *pendente lite* to any day which is convenient to the Special Term Justice before whom the application is now pending. We note that upon the argument of this motion the attorney for the defendant Bennett stipulated in open court that he consented to the advancing of the hearing of the application to any date convenient to the Special Term Justice. Nothing in this memorandum is intended to indicate any view as to whether the Special Term Justice should or should not grant the application for an injunction *pendente lite* or grant a stay incident to the consideration thereof. The application of the Great Atlantic & Pacific Tea Company to intervene is referred to the Special Term Justice before whom the application for a stay or the principal application may be heard. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See *post*, p. 857.]