MARJORY E. CHAPMAN, Appellant, v. MONTGOMERY W. CHAPMAN, Respondent. — Motion for permission to appeal to the Court of Appeals upon a certified question denied, without costs. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *ante*, p. 504.]

In the Matter of the Claim of AMANDA BANKS, On Behalf of Herself and Minor Children, Respondent, against APOLLO ASSOCIATES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to compel the Workmen's Compensation Board to accept notice of appeal denied. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *post*, p. 992.]

## (September 20, 1954.)

HARRY GILBERT, Respondent, v. WILLIAM J. VAN KLEECK, as Administrator of the Estate of SAMUEL J. VAN KLEECK, Deceased, and as Administrator with the Will Annexed of JOHN D. VAN KLEECK, Deceased, et al., Defendants-Appellants, and CROSBY-MERTZ, INC., Intervener-Appellant.— Motion to modify the decision of this court, handed down July 8, 1954, so as to make the reversal solely on the law instead of on the law and facts, denied. Order settled. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ. [See *ante*, p. 611.]

## (September 21, 1954.)

MICHAEL R. MCCALL, Individually and as a Member and as Secretary-Treasurer of Local Union No. 294, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., et al., Plaintiffs, v. DAVE BECK, Individually and as President of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, A. F. of L., et al., Defendants.— The final ordering paragraph of the order entered herein on May 19, 1954, is modified by adding at the end thereof the following provision: " except that the foregoing direction shall not require the restoration of funds paid prior to May 19, 1954, to persons other than the plaintiffs and their attorneys, in the regular course of business, and shall not require the restoration of the salary and expenses paid prior to that date to the plaintiffs, and shall not require the restoration of the sum of $5,000.00 paid to the plaintiffs' attorneys for legal services rendered." It appearing that the sum of $7,500 was withdrawn from the bank account of Local Union No. 294 by three checks in the amount of $2,500 each dated May 18, 1954, payable to the order of " Andrew M. Pinckney, Attorney for the Trustee ", and it appearing that the sum of $1,000 was paid by said Andrew M. Pinckney to Myron Ehrlich, Esq., of Washington, D. C., as a retainer for legal services to be rendered and that the remainder of said sum is in the possession of Andrew M. Pinckney, it is Ordered and Directed that Andrew M. Pinckney forthwith repay and restore to Local Union No. 294, the sum of $6,500. Submit order accordingly. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur. [See *ante*, p. 838.]