In the Matter of STANLEY L. RIDDETT et al., Respondents, *v.* JAMES E. ALLEN, JR., as Commissioner of Education of the State of New York, et al., Appellants.

Third Department, July 13, 1965.

*Charles A. Brind* (*John P. Jehu, Elizabeth M. Eastman, Louis H. J. Welch* of counsel), for appellants.

*Blinder & Steinhaus* (*Albert A. Blinder* and *Joel S. Stern* of counsel), for respondents.

HERLIHY, J. P.   Prior to the enactment of article 132 of the Education Law [1963], the petitioner Riddett had been a practicing chiropractor for 15 years and the petitioner Spadola had been a practicing chiropractor between 7 and 15 years.

Section 6556 of the Education Law, with reference to " present practitioners ", after setting forth certain requirements not essential to this decision, provides that one who has been engaged at least 15 years in the practice shall pass an examination in the practice of chiropractic.   It further provides that one who has been engaged at least 7 and not more than 15 years in the practice shall pass an examination in the fundamentals of anatomy and physiology and in chiropractic and in the use and effects of X ray.

Petitioners seek to be licensed as chiropractors.   Subdivision 4 of section 6550 of the Education Law defines the " practice of chiropractic " to mean " a method of detecting and correcting, by manual or mechanical means essential to the practice of chiropractic, structural imbalance, distortion, or subluxation in the human body for the purpose of removing nerve interference and the effects thereof, where such interference is the result of or related to distortion, misalignment or subluxations of or in the vertebral column."

Chiropractors are not authorized by law in New York State to diagnose or treat patients for disease (see *Chiropractic Assn. of N. Y.* v. *Hilleboe,* 12 N Y 2d 109, 116).

The identical examination was given to all of the applicants regardless of prior experience. The Board of Regents contends that this, the first examination in chiropractic pursuant to article 132 of the Education Law, was in compliance with the statute and attempts to justify its construction thereof by stating in the brief that " allowance can also be made for additional experience of the applicants through the adjustment of the passing mark in an examination ".

It seems reasonably clear that the purpose of different categories, based upon years of experience, was not to subject these applicants to a test suitable for a medical or chiropractic examination for a graduate of a professional school seeking admission to practice but rather to test the applicant to ascertain if, from his years of experience, he remained competent to continue to practice in a newly designated profession. There is a valid and real distinction between such applicants as recognized by the Legislature in setting forth different examination requirements based primarily upon years of experience. (See *Wasmuth* v. *Allen,* 14 N Y 2d 391, 398.) The petition alleges such a violation of the statute.

We do not pass upon the merits but affirm the order of the Special Term that the petition is sufficient to require answering.

Order should be affirmed.

REYNOLDS, TAYLOR, AULISI and HAMM, JJ., concur.

Order affirmed, with $20 costs.