■ SALVATORE ANASTASI et al., Appellants, v MAJOPON REALTY CORP., Respondent.—In an action, inter alia, to compel the removal of a sign, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Coppola, J.), entered June 28, 1990, which denied their motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The plaintiffs, as tenants, subleased certain premises located in a building owned by the defendant to be used as a "restau-

rant and bar and grill". The plaintiffs' sublease states: "Owner shall have the right at any time, without the same constituting an eviction and without incurring liability to Tenant therefor to change the arrangement and/or location of public entrances, passageways, doors, doorways * * * or other public parts of the building". After the plaintiffs took possession of the premises and attached a sign to the side of the building displaying the name of their establishment, the defendant renovated the building and constructed a detached facade of various columns and archways in the front. The Town's Architectural Review Board had approved a plan for the building renovation requiring that each store install a new sign in its archway and remove any old signs. Even after the plaintiffs installed a new sign in their archway, they refused to remove their original sign, and commenced this action to compel the defendant to remove a sign attached to the archway of an adjacent store for the benefit of its tenant. The plaintiffs moved by order to show cause for a preliminary injunction directing the defendant to remove the adjacent tenant's sign. The Supreme Court denied the motion.

To prevail on an application for preliminary injunctive relief, the moving party must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position (see, County of Orange v Lockey, 111 AD2d 896, 897). Preliminary injunctive relief is a drastic remedy that will not be granted unless a clear right to it is established under the law and upon undisputed facts found in the moving papers, and the burden of showing an undisputed right rests upon the movant (see, County of Orange v Lockey, supra, at 897; Buegler v Walsh, 111 AD2d 206, 207).

The plaintiffs have not sufficiently demonstrated a clear legal right to the ultimate relief sought (see, Paine & Chriscott v Blair House Assocs., 70 AD2d 571). The affidavits submitted in support of, and in opposition to, their motion reveal that numerous, substantial factual issues exist between the parties. The lease permits the landlord to change the arrangement and/or location of the signs outside of the building. Moreover, the plaintiffs have failed to show how the adjacent store's sign will irreparably harm their business. Thompson, J. P., Rosenblatt, Miller and Copertino, JJ., concur.