■ PHILIP AMARANT, Individually and as a Shareholder and on Behalf of MERCURY BEACH-MAID, INC., Respondent, v THOMAS D'ANTONIO, SR., et al., Appellants. [602 NYS2d 837] — Order, Supreme Court, New York County (Carol Arber, J.), entered November 19, 1992, which granted reargument and adhered to its prior determination entered August 27, 1992, granting plaintiff Philip Amarant's motion for a preliminary injunction, and which denied plaintiff's motion for summary judgment, unanimously modified, on the law, to the extent of denying the motion for preliminary relief and vacating the preliminary injunction and, except as so modified, affirmed, without costs. Appeal from the order entered August 27, 1992 is dismissed as subsumed in the order of November 19, 1992, without costs.

The parties to this action for specific performance are officers and directors of Mercury Beach-Maid, Inc. ("MBM"), each owning approximately one-third of the shares of the corporation. MBM is a retail clothing business organized under the laws of this State.

At issue is a written agreement among the parties providing for the sale of their shares to three long-term employees of MBM, Thomas D'Antonio and Gary Hiller, the sons of defendants, and Larry Laimo. The document, referred to as the "retirement agreement", dated November 30, 1989, gives purchase options to the three employees subject to the successful completion of a two-year training and evaluation period, ending January 1992, during which the shareholders retain the right to terminate the options if, in their opinion, the three employees fail to fulfill their prescribed obligations to the corporation. The agreement provides for the sale of the shares of MBM at a non-negotiable selling price, the book value of the corporation as determined by a certified public accountant.

In the absence of an attempt by any shareholder to terminate the purchase options and upon advice of counsel that the

agreement was now binding, defendants sought to go forward with the sale of stock to the employees. Although the book value of the corporate stock was determined to be only $825,000, plaintiff demanded first $1,000,000 and later $800,000 for his 33⅓% of the corporation, stating that if he did not receive the amount demanded, he would frustrate the retirement agreement.

Thereafter, defendants attempted to bring about the sale of their shares to the three employees under provisions of an earlier shareholders' agreement dated January 1, 1982, pursuant to which a right of first refusal is given to the corporation and to the remaining shareholders. In accordance with this provision, by letter dated April 15, 1992, addressed and delivered to both plaintiff Amarant and to MBM, the individual defendants made an offer to sell their shares to the corporation or, in the event of its failure to purchase, to the three employees. Plaintiff, acting as officer and director of MBM and as the only remaining, non-offering shareholder, purported to accept the offer on its behalf by letter dated April 20, 1992. Subsequently, a corporate meeting was held at which D'Antonio, Sr. and Hiller voted to reject their own offer to sell their shares of stock to MBM. Pursuant to the shareholders' agreement, defendants sent a letter dated May 19, 1992 offering to Amarant, in his individual capacity, the opportunity to purchase their shares in MBM.

Plaintiff Amarant did not accept the offer in his capacity as an individual shareowner, but instead brought this action on behalf of the corporation. By order to show cause, he sought to stay and toll the time prescribed in the shareholders' agreement for the purchase of defendants' shares in MBM, both with respect to the offer to MBM and the offer to Amarant, until such time as the court determined the merits of the action. Plaintiff further sought to enjoin defendants from selling or encumbering their shares in MBM pending a final determination.

By order entered August 27, 1992, Supreme Court granted plaintiff's motion for a preliminary injunction and, by order entered November 19, 1992, granted reargument, adhering to the prior determination and further denying plaintiff's motion for summary judgment. The court found that plaintiff was likely to succeed on the merits of the action, reasoning that defendants lack the power to reject their own offer to sell their shares to the corporation. The court also found that defendants' refusal to sell might breach contract obligations, fiduciary duty and the implied covenant of fair dealing; that

plaintiff would suffer irreparable harm if defendants were to sell their shares, preventing him from becoming the controlling shareholder; and that the equities predominated in plaintiff's favor. The court concluded that the injunction would maintain the status quo by preserving the structure, ownership and management of MBM until the matter could be decided.

It is an ancient maxim that he who comes to equity must come with clean hands. The gravamen of plaintiff's position is that defendants are bound by the shareholders' agreement to sell their shares to the corporation. His brief, however, assiduously avoids any application of the same reasoning to the retirement agreement, which obligates plaintiff to sell his shares to the three employees. Plaintiff will not be heard to complain that defendants are to be restrained from an asserted violation of one agreement under circumstances in which their resort to its provisions was induced by plaintiff's violation of a subsequent agreement. Injunctive relief should have been denied on this ground alone.

Even if, for the sake of argument, this Court were to assume the unlikely result that the retirement agreement is ultimately found to be unenforceable and therefore to have no effect on the operation of the earlier shareholders' agreement, the latter gives the corporation only limited rights. Assuming further, without deciding, that under the unique circumstances of this case, defendants were not authorized to vote against purchase of their shares by the corporation (see, Cicero Indus. Dev. Corp. v Roberts, 63 Misc 2d 565 [Simons, J.]), the shareholders' agreement gives the corporation or, upon its failure to purchase the shares, plaintiff only a prescribed period of time in which to consummate the transaction.

Defendants had every right to resort to the provisions of the shareholders' agreement in the attempt to dispose of their shares in compliance with their obligations under the retirement agreement. Plaintiff has not established that either he or the corporation is capable of raising the necessary funds to acquire defendants' shares. The imposition of a stay by Supreme Court effectively relieved plaintiff from the time constraints agreed to by the parties in the shareholders' agreement and frustrated its purpose. The failure of the corporation or plaintiff, on its behalf, to acquire the necessary funds to purchase the tendered shares might well have rendered further judicial proceedings moot.

In order to obtain injunctive relief, a plaintiff must estab-

lish: (1) a likelihood of success on the merits of the pending action, (2) irreparable injury absent such relief, and (3) a balancing of the equities in favor of the relief sought *(Grant Co. v Srogi,* 52 NY2d 496, 517). As we view the record, plaintiff Amarant meets none of these criteria, and Supreme Court's grant of preliminary injunctive relief was most improvident. Concur—Rosenberger, J. P., Asch, Kassal and Rubin, JJ.