■ JOSEPH ZANGHI, Appellant, v STATE OF NEW YORK, Respondent. [611 NYS2d 263] —In an action to enjoin the State of New York from entering upon the plaintiff's real property and removing a billboard maintained thereon, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Werner, J.), dated July 23, 1992, which denied his motion for a preliminary injunction.

Ordered that the order is affirmed, with costs.

The plaintiff owns a parcel of land upon which a nonconforming billboard had been maintained since 1975. In August 1991 the plaintiff's tenant, who apparently owned and maintained the billboard, removed the sign and signposts without the plaintiff's permission. The plaintiff subsequently reerected the billboard, but the State of New York Department of Transportation demanded that the billboard be removed pursuant to 17 NYCRR 150.12 (b) (5), since it no longer had protected status as a nonconforming use. The plaintiff responded by bringing this action for permanent injunctive relief. We find that the Supreme Court properly denied his motion for a preliminary injunction.

To prevail on an application for preliminary injunctive relief, the moving party must demonstrate (1) a likelihood of

ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of the equities favors the movant's position *(see, Anastasi v Majopon Realty Corp.,* 181 AD2d 706, 707; *Aetna Ins. Co. v Capasso,* 75 NY2d 860, 862). "Preliminary injunctive relief is a drastic remedy that will not be granted unless a clear right to it is established under the law and upon undisputed facts found in the moving papers, and the burden of showing an undisputed right rests upon the movant" *(Anastasi v Majopon Realty Corp., supra,* at 707; *County of Orange v Lockey,* 111 AD2d 896, 897).

The plaintiff has not sufficiently demonstrated a clear legal right to the ultimate relief sought. Pursuant to 17 NYCRR 150.12 (b) (5), a nonconforming billboard may continue to exist as long as it is not "changed". The "[r]eplacement, rebuilding or reerecting [of a billboard] is a change in existing use, except that a sign may be rebuilt or reerected if it has been vandalized, or subjected to other criminal or tortious acts, providing such rebuilding or reerecting does not exceed 60 percent of the current fair market value" (17 NYCRR 150.12 [b] [5]).

The billboard herein was "changed" when the tenant took it down. Although the plaintiff almost immediately reerected the signposts, such reerection also constituted a "change in existing use". While the regulations permit reerection in cases where the sign has been taken down due to vandalism, or criminal or tortious acts, the plaintiff has failed to sufficiently demonstrate in his moving papers that the sign was taken down under such circumstances. Furthermore, even if the tenant committed some tort by removing the billboard, the plaintiff has not demonstrated that the cost of reerection did not exceed 60% of the original fair market value of the sign. We further find that the plaintiff failed to demonstrate that he would suffer irreparable harm in the absence of the injunction.

The plaintiff's remaining contention is without merit *(see, Metromedia, Inc. v San Diego,* 453 US 490, 512). Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.