■ HENDRICK HUDSON CENTRAL SCHOOL DISTRICT, Appellant-Respondent, v JOANNE FALINSKI et al., Respondents-Appellants, et al., Respondents. [626 NYS2d 255] —In an action to enjoin the defendants from disseminating certain information pertaining to charges of misconduct brought by the plaintiff against the defendant Joanne Falinski, (1) the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Rosato, J.), entered November 23, 1993, as (a) denied that branch of its motion which was to preliminarily enjoin the defendants from distributing certain redacted documents, and (b) granted the cross motion of the defendants Robert Porr and Joan Ann Mazza to dismiss the complaint insofar as it is asserted against them, and (2) the defendants Joanne Falinski and Robert Saperstein cross-appeal from so much of the same order as (a) granted that branch of the plaintiff's motion which was to preliminarily enjoin them from disseminating certain unredacted material and information, and (b) denied their cross motion to dismiss the complaint insofar as it is asserted against them.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs payable to the respondents Robert Porr and Joan Ann Mazza by the plaintiff.

The plaintiff school district suspended and brought disciplinary charges against its employee, the defendant Joanne Falinski, an elementary school principal, regarding Falinski's alleged denial of special education services to certain named students. In a purported attempt to dispel rumors and speculation regarding the nature of the charges, the defendant Robert Saperstein, Falinski's attorney, distributed copies of the charges in redacted form to the media and the public. The plaintiff thereafter commenced this action against Falinski and Saperstein as well as two private citizens, the defendants Robert Porr and Joan Ann Mazza, to enjoin them from disclosing information relating to the charges. The plaintiff alleged that the distribution of the redacted charges or any other information which reasonably tended to identify the subject students violated various confidentiality laws and regulations (see, e.g., 20 USC § 1232g; Education Law § 4403 [9]; 8 NYCRR 200.5; General Municipal Law § 805-a; Public Officers Law § 96). The plaintiff moved to preliminarily enjoin such disclosure, and the defendants cross-moved to dismiss. The

Supreme Court denied the preliminary injunction motion in its entirety with respect to the defendants Porr and Mazza and granted their cross motion to dismiss the complaint insofar as asserted against them. With regard to the defendants Falinski and Saperstein, the court granted the plaintiff's motion only to the extent of prohibiting them from disseminating the unredacted charges or the identities of the students, with certain limitations. The court denied the cross motion of Falinski and Saperstein to dismiss.

The Supreme Court did not err in its disposition of the motion and cross motion. With regard to Porr and Mazza, the confidentiality laws and regulations upon which the plaintiff relies are not applicable to private citizens, and the plaintiff came forward with no evidence to substantiate its conclusory assertion that Porr and Mazza acted as the agents of Falinski and Saperstein. Accordingly, the plaintiff failed to establish the requisite element of a likelihood of ultimate success on the merits against Porr and Mazza, and its motion for a preliminary injunction was properly denied as to those defendants *(see generally, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Doe v Axelrod,* 73 NY2d 748; *Zanghi v State of New York,* 204 AD2d 313). Moreover, given the total lack of any evidence that Porr and Mazza were subject to the aforementioned confidentiality laws, the complaint was properly dismissed as against them.

The denial of that branch of the plaintiff's preliminary injunction motion which was to restrain Falinski and Saperstein from further distribution of the redacted disciplinary charges was also proper, inasmuch as that information had already been widely publicized at the time of the motion and the plaintiff failed to demonstrate that any irreparable harm would result from its continued disclosure *(see, State of Israel v St. Martin's Press,* 166 AD2d 251; *see generally, Zanghi v State of New York, supra).* However, the granting of limited preliminary injunctive relief with regard to the potential disclosure of the unredacted charges or of other personally identifiable information by Falinski and Saperstein was appropriate and did not exceed the court's authority. The plaintiff expressly requested this relief in its complaint and motion papers, that request was reasonable based on the prior disclosure in which Falinski and Saperstein engaged, and the release of personally identifiable information would compromise the confidentiality and privacy interests of the affected students. Moreover, on the present state of the record, we discern no error in the denial of the motion to dismiss by Falinski and Saperstein, since the complaint was facially

sufficient to state a cause of action against them and the validity of their factual and legal defenses to the claim must await further proceedings. Sullivan, J. P., O'Brien, Ritter and Goldstein, JJ., concur.