■ Michael T. Graziano et al., Respondents, v Steven Turiano et al., Appellants, et al., Defendant. (Action No. 1.) Joan T. Pollock, Respondent, v Steven Turiano et al., Appellants, et al., Defendant. (Action No. 2.) [647 NYS2d 996] —In two related actions pursuant to RPAPL article 15 for judgments declaring, *inter alia,* that the plaintiffs in each action have fee simple absolute title to certain real property, the defendants Steven Turiano and Kimberly Turiano appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated April 9, 1996, entered in both actions, which granted the plaintiffs' motions for preliminary injunctions.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motions for preliminary injunctions are denied.

A preliminary injunction shall not be granted unless the movant establishes (1) the likelihood of ultimate success on the merits, (2) that irreparable injury will occur absent a preliminary injunction, and (3) a balancing of the equities which favors the movant (*see, e.g., Zanghi v State of New York,* 204 AD2d 313; *Albini v Solork Assocs.,* 37 AD2d 835). Moreover, " '[p]reliminary injunctive relief is a drastic remedy that will not be granted unless a clear right to it is established under the law and upon undisputed facts found in the moving papers, and the burden of showing an undisputed right rests upon the movant' " (*Zanghi v State of New York, supra,* at 314). Here, the movants have not met their burden, and therefore, the plaintiff's motions for preliminary injunctions should have been denied. Miller, J. P., Altman, Hart and McGinity, JJ., concur.