In the Matter of the Estate of Viola C. Billings, Deceased. Constance Nostrand, Appellant; Elizabeth Nostrand, Respondent. [663 NYS2d 976] —In a proceeding by Elizabeth Nostrand, a beneficiary under the will of Viola C. Billings, deceased, inter alia, for injunctive relief, to revoke the letters of administration, c.t.a. previously granted to William Johnson and Claudia Nostrand, and to compel the issuance of letters of administration to Elizabeth Nostrand, Constance Nostrand appeals, by permission, from so much of an order of the Surrogate's Court, Suffolk County (Prudenti, S.), dated July 24, 1996, as amended August 21, 1996, as granted the application by Elizabeth Nostrand to temporarily restrain her, inter alia, from collecting rents and profits from the real property of the estate of Viola C. Billings. By decision and order on motion dated September 25, 1996, this court stayed the enforcement of the temporary restraining order, as amended, and granted Constance Nostrand leave to appeal from the order.

Ordered that the order dated July 24, 1996, as amended August 21, 1996, is reversed insofar as appealed from, with costs payable by the respondent, and that branch of the ap-

plication which was to temporarily restrain Constance Nostrand, *inter alia,* from collecting rents and profits from the real property of the estate of Viola C. Billings is denied.

Elizabeth Nostrand, a beneficiary under the will of Viola C. Billings, deceased, commenced this proceeding, *inter alia,* to revoke the letters of administration, *c. t. a.,* previously granted to William Johnson and Claudia Nostrand, and to compel the issuance of letters of administration to her.

The Surrogate's Court has subject matter jurisdiction over the petition, which pertained, *inter alia,* to management of real property subject to the fiduciary's power to dispose of the property to pay the expenses of the estate *(see,* SCPA 201, 1901, 1902; *Trask v Sturges,* 170 NY 482; *DiSanto v Wellcraft Mar. Corp.,* 149 AD2d 560).

However, the Surrogate's Court improvidently exercised its discretion by granting a temporary restraining order which, essentially, restrained Constance Nostrand from managing the real property. Elizabeth Nostrand failed to satisfy her burden of showing the property was in danger of immediate and irreparable harm if the injunction were not granted *(see, Graziano v Turiano,* 231 AD2d 674; *McCall v Beck,* 284 App Div 838, *order amended* 284 App Div 857). Miller, J. P., Pizzuto, Joy and Krausman, JJ., concur.