■ CHRIS KOULTUKIS, Plaintiff, v ALAN PHILLIPS et al., Defendants, and PUPCAKES MANAGEMENT CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK, Third-Party Defendant-Appellant. [728 NYS2d 440] —Order, Supreme Court, New York County (Emily Goodman, J.), entered July 13, 1999, insofar as it temporarily enjoined third-party defendant from proceeding with an impending Padlock Enforcement Action, unanimously reversed, on the law, without costs, and the temporary injunction vacated.

In 1994, plaintiff purchased from defendant Alan Phillips a chiropractic practice with offices on the parlor floor and lower level at 343 West 71st Street, in Manhattan. Along with the sale of the practice Phillips, who then owned the building, gave plaintiff a 10-year lease for the offices, specifying that the

premises were to be used for "Chiropractic and other related services." Plaintiff then sublet the lower level to non-party "Studio Riverside" to be used for exercising and rehabilitative therapy. Defendant Pupcakes Management Corp. manages the building, and defendant Javad, L. L. C. is successor in interest to Phillips as owner of the building.

In 1997, the Department of Buildings of the City of New York (DOB) issued violations against the property alleging that the use of the lower level for an exercise studio violated the applicable Zoning Resolution. Then, in March 1999, plaintiff received a warning of an impending Padlock Enforcement Action based on his use of the first floor as a chiropractic office. A Petition and Notice of Hearing dated April 30, 1999 were thereafter served on plaintiff and Phillips, to commence the Padlock Enforcement Action under Administrative Code of the City of New York § 26-127.2, in which the Department of Buildings alleged that the Zoning Resolution prohibited the use of the residential premises commercially as a professional office such as plaintiff's or as a physical culture or health establishment.

The premises are located in a residential district and their certificate of occupancy provides for a "medical office." Medical offices are allowable in residential areas as a use included under "Use Group 4," which under section 22-14 of the Zoning Resolution of the City of New York encompasses "Medical offices or group medical centers, including the practice of dentistry or osteopathy, limited to a location below the level of the first story ceiling."

In his claim against Phillips, plaintiff alleges that it was Phillips who precipitated the DOB violations, and, further, that Phillips had forged plaintiff's signature on a promissory note and used the forged note as security for a loan. His claims against Pupcakes Management and Javad seek mandatory injunctive relief requiring them to take all necessary steps to legalize his use of the premises for the purposes set forth in the lease.

Along with their answer denying liability and counterclaiming against plaintiff for rental arrears and other relief, Pupcakes and Javad also filed a third-party action against DOB seeking to enjoin the Padlock Enforcement Action. They alleged that DOB failed to cite them as owner and managing agent in the Padlock Enforcement Action, in violation of their due process rights, and that the differing treatment of chiropractors and medical doctors for zoning purposes was arbitrary and capricious and violative of their constitutional rights.

By order to show cause in June 1999, Javad and Pupcakes moved for various relief, including a stay of the hearing in the Padlock Enforcement Action. Without making any reference to their likelihood of success, the possibility of irreparable harm, or the equities, the motion court issued an interim order providing for payment of rent by plaintiff and the holding of a preliminary conference, and temporarily enjoining the DOB from proceeding, pending the court's determination of defendants' motion.

The grant of injunctive relief against the DOB constituted an abuse of the court's discretion as a matter of law, inasmuch as the movants failed to establish the prerequisites for a preliminary injunction and in any event failed to exhaust their administrative remedies.

Initially, Javad and Pupcakes have failed to exhaust their administrative remedies (*see, Matter of Patterson v Smith*, 53 NY2d 98). While the rule of administrative exhaustion is not mandated when the challenge to an agency's action raises a real constitutional issue, or when resort to an administrative remedy would be futile (*see, Watergate II Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57), "[a] constitutional claim that may require the resolution of factual issues reviewable at the administrative level should initially be addressed to the administrative agency having responsibility so that the necessary factual record can be established" (*Matter of Schulz v State of New York*, 86 NY2d 225, 232, *cert denied* 516 US 944; *Matthews v Barrios-Paoli*, 270 AD2d 152, *lv dismissed* 95 NY2d 930).

Here, although Javad used the term "unconstitutional" in the challenge to the DOB's action, the issues raised are more appropriately reviewed first at the administrative level. In addition, determination will not be based on pure questions of law alone; issues of fact are present as well, and may be relevant to the ultimate legal determination.

What is more, on the merits, the movants failed to demonstrate a right to the injunctive relief they were granted. Preliminary injunctive relief is a drastic remedy and will only be granted if the movant establishes a clear right to it under the law and the undisputed facts found in the moving papers (*see, Anastasi v Majopon Realty Corp.*, 181 AD2d 706, 707). The movant must establish: (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position (*see, Grant Co. v Srogi*, 52 NY2d 496, 517).

Despite any possible merit to Javad's claim that the differing treatment of chiropractors and medical doctors for zoning purposes is arbitrary and capricious or violative of constitutional rights, the standard for a grant of preliminary injunctive relief has not been satisfied.

"[T]he interpretation given a statute by the agency charged with its enforcement will be respected by the courts if not irrational or unreasonable" (*Matter of Fineway Supermarkets v State Liq. Auth.*, 48 NY2d 464, 468). "Because zoning is a legislative act, zoning ordinances and amendments enjoy a strong presumption of constitutionality and the burden rests on the party attacking them to overcome that presumption beyond a reasonable doubt" (*Asian Ams. for Equality v Koch*, 72 NY2d 121, 131). "[I]f the zoning ordinance is adopted for a legitimate governmental purpose and there is a ' "reasonable relation between the end sought to be achieved by the regulation and the means used to achieve that end," ' it will be upheld" (*id.* at 131-132 [citation omitted]).

Here, the DOB's interpretation of the term "medical office" in Zoning Resolution § 22-14 to include only medical professionals as defined by Education Law § 6521, but not chiropractors as defined by Education Law § 6551, cannot be termed unreasonable, and its inclusion of chiropractors in Use Group 6 as "professional offices" (NY City Zoning Resolution § 32-15), will be presumed valid (*see, Fineway Supermarkets v State Liq. Auth., supra*). Moreover, the differences in the statutory definitions of the practice of medicine and the practice of chiropractic (*compare,* Education Law § 6521 and Education Law § 6551; *see also, Matter of Riddett v Allen,* 23 AD2d 458) also support their different treatment by the DOB under the Zoning Resolution.

Nor has irreparable harm been shown. DOB simply served notice of what it considers to be a violation of the Zoning Resolution and set the matter down to determine the facts, at which time Javad is entitled to present a defense. The result of the hearing would have been a recommendation, which the commissioner may or may not have adopted. The penalty of padlocking is not mandatory (*see,* Adminitrative Code § 26-127.2 [b]). Even at worst, if an order of closure were issued, Javad or plaintiff would have the right to file a CPLR article 78 proceeding and seek preliminary injunctive relief therein.

Finally, it must be recognized that the IAS court's order entangles the DOB in the delays resulting from disputes involving discovery and other preliminary issues among plaintiff, Phillips and Javad. Because the DOB is seeking to enforce the

Zoning Resolution in the prescribed manner, the equities weigh in its favor. Concur—Rosenberger, J. P., Nardelli, Tom, Wallach and Saxe, JJ.