## Namdar Fordham Landing LLC v Fordham Landing Preferred Sponsor, LLC

2026 NY Slip Op 31005(U)

March 16, 2026

Supreme Court, New York County

Docket Number: Index No. 650873/2026

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **Hon. James E. d'Auguste**                     PART 55

                                    *Justice*

-------------------------------------------------------------------------------X

NAMDAR FORDHAM LANDING LLC,                INDEX NO.        650873/2026

                            Plaintiff,              MOTION DATE      02/13/2026

                - v -                          MOTION SEQ. NO.      001

FORDHAM LANDING PREFERRED SPONSOR, LLC, DS 3
GP, INC., DYNAMIC STAR III, LLC, GARY SEGAL,      **Decision and Order
                                                  on Motion**

                            Defendants.

-------------------------------------------------------------------------------X

## Summary

On February 24, 2026, the Court granted plaintiff Namdar Fordham Landing LLC ("Namdar") a temporary restraining order and set a briefing schedule for plaintiff's application for a preliminary injunction. On March 11, 2026, the Court conducted a brief, on the record, oral argument. At the conclusion of oral argument, the Court took the preliminary injunction motion on submission but vacated the temporary restraining order. This order explains the Court's reasoning for vacating the temporary restraining order and denying preliminary injunctive relief.[1]

## Background

The gravamen of this action is Igal Namdar's attempt, via Namdar, to thwart Fordham Landing Preferred Sponsor, LLC ("Fordham") from seeking federal bankruptcy protection. To prevent the company's declaration of bankruptcy, Mr. Namdar is seeking to undo his entity's expulsion as a member of the company. It appears that Mr. Namdar's attempt seeks to advance his own personal financial interests, which are in direct conflict with the company's best interests. This

---

[1] This decision regarding the motion for a temporary restraining order and preliminary injunction is based upon a sparse factual record and does not necessarily indicate the Court's views on the motion to dismiss or other future motions that may be based on a more complete factual record.

is because a different entity, Fordham Landing North Holdings, LLC, apparently owned by Mr. Namdar, purchased the mortgage (mid-lawsuit), which is the basis of a pending foreclosure action originally entitled, *SIG CRE 2023 Venture LLC v MDBZJGGS, LLC, et al.*, Index No. 850030/2025. To be clear, Mr. Namdar (who apparently invested substantial funds in the project) is permitted to protect his interests by purchasing a defaulted mortgage that is the subject of litigation. However, plaintiff's conflict of interest (via Mr. Namdar) makes it plain that the balancing of the equities overwhelmingly favors defendants because he may be attempting to maximize personal interests at the expense of a limited liability company of which he is ultimately only a partial owner. Finally, there is a strong public policy to provide unrestricted access to federal bankruptcy protection.

**Standard for a Preliminary Inunction**

A preliminary injunction is a drastic remedy and should not be granted unless plaintiff can demonstrate "a clear right" to such relief. *950 Third Ave. LLC v Theirapp, Inc.*, 2021 N.Y. Misc. LEXIS 1517, *5 (citing *City of New York v 330 Continental, LLC*, 60 A.D.3d 226, 873 N.Y.S.2d 9 (1st Dep't 2009). The right must generally be based on "the undisputed facts found in the moving papers." *Koultukis v Phillips*, 285 A.D.2d 433, 435 (1st Dep't 2001) (emphasis added); *Edouard v 32083 Owners Corp.*, 2022 N.Y. Misc. LEXIS 1153, *3 (quoting *Koultukis* with approval). Because it is "a drastic remedy" it "should be used sparingly." *Koultukis,* 285 A.D.2d at 435 (quoting *Fischer v Deitsch*, 168 A.D.2d 599, 601 (2d Dep't 1990). A preliminary injunction should not ordinarily be granted "where there is a factual dispute that can only be resolved by a trial," *Mr. Natural, Inc. v Unadulterated Food Products, Inc.*, 153 AD2d 729, 544 NYS2d 182 (2d Dep't 1989).

The standard that a party seeking a preliminary injunction must satisfy to obtain such "extraordinary" relief is the well-settled three-prong test: (1) a probability of success on the merits, (2) danger of irreparable injury in the absence of an injunction, and (3) a balance of equities in its

650873/2026   NAMDAR FORDHAM LANDING LLC vs. FORDHAM LANDING PREFERRED SPONSOR, LLC ET AL
Motion No.  001

Page 2 of 8

2 of 8

favor. *See Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 N.Y.3d 839, 840 (2005). If any one of these three requirements is not satisfied, the motion must be denied. *Colle Capital Partners I, L.P. v Automaton, Inc.,* 2025 N.Y. Misc. LEXIS 3408, *9 (Sup. Ct. N.Y. County 2025) (citing *Faberge Intern., Inc. v Di Pino*, 109 A.D.2d 235, 491 N.Y.S.2d 345 (1st Dep't 1985)).

**Plaintiff Fails to Meet the Exacting Standard for a Preliminary Injunction**

## I. The Balance of Equities

A party seeking a preliminary injunction must make a clear showing based upon undisputed facts that "the balance of hardships tips decidedly in favor" of the party requesting the preliminary relief. *Rosenberg v N.Y. Univ.*, 2020 N.Y. Misc. LEXIS 44963, *21 (Sup. Ct. N.Y. County). "A preliminary injunction may not issue unless the movant clearly shows that the balance of equities favors the movant." *Litwin v OceanFreight, Inc.,* 865 F. Supp. 2d 385, 401 (S.D.N.Y. 2011). Here, plaintiff fails to meet this burden.

First, it is undisputed that the requested injunction would effectively give Namdar the right to prevent Fordham from filing for bankruptcy. Namdar was expelled from membership in the operating agreement because of its opposition to a bankruptcy filing (NYSCEF Doc. No. 4 at 2), – an opposition that effectively vetoed Fordham's ability to file bankruptcy. The benefits to society and to debtor corporations of organized bankruptcy proceedings to equitably divide the assets of insolvent corporations are well established, as set out in *Eletson Holdings, Inc. v Levona Holdings Ltd.*, 731 F. Supp. 3d 531, 600 (S.D.N.Y. 2024) (describing right to file a petition for bankruptcy relief as "near absolute right") *Cf. United States v Royal Bus. Funds Corp.*, 724 F.2d 12, 15 (2d Cir. 1983) (citing the general rule "that a debtor may not agree to waive the right to file a bankruptcy petition"). As against these concrete benefits, Namdar's brief contains no discussion of any way in which bankruptcy disadvantages Fordham. NYSCEF Doc. No. 6 at 10-11 (Plaintiff's Memorandum of Law) (balance of equities section contains no reference to bankruptcy proceedings). Thus,

650873/2026   NAMDAR FORDHAM LANDING LLC vs. FORDHAM LANDING PREFERRED
SPONSOR, LLC ET AL
Motion No. 001

Page 3 of 8

[* 3]

3 of 8

Namdar has failed to discharge its burden of making a clear showing that the balance of equities favors it.[2]

Second, in balancing the equities, the Court is persuaded by plaintiff's potentially unclean hands. "In balancing the equities, the court should consider various factors, including . . . whether plaintiff has unclean hands." *United for Peace & Justice v Bloomberg*, 5 Misc 3d 845, 849-850, 783 N.Y.S.2d 255, 2004 NY Slip Op 24389 (Sup. Ct. NY Co. 2004); *Precision Instrument Mfg. Co. v Auto. Maint. Mach., Co.*, 324 U.S. 806, 814 (1945) ("he who comes into equity must come with clean hands."); *Amarant v D'Antonio*, 197 A.D.2d 432, 434, 602 N.Y.S.2d 837 (1st Dep't 1993). This rule applies with full force to assess issues involving corporate governance and shareholder rights issues. *Ferolito v Vultaggio*, 36 Misc. 3d 1227(A), 1227A (Sup. Ct. N.Y. County.); *United for Peace & Justice v Bloomberg*, 5 Misc 3d 845, 849-850, 783 N.Y.S.2d 255, 2004 NY Slip Op 24389 (Sup. Ct N.Y. County 2004).

"A fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect." *Matter of Wallens*, 9 N.Y.3d 117 (2007) (citing *Birnbaum v Birnbaum*, 73 N.Y.2d 461 (1989)). At a minimum, there are factual questions as to whether plaintiff has created a disabling conflict of interest by virtue of its beneficial owner's acquisition of a separate individual interest in the property that presently conflicts with the interest of Fordham. NYSCEF Doc. No. 20 ¶¶ 33-35 (Third-Party Summons and Amended Verified Answer With Counterclaims, Cross-Claims and Third-Party). Upon this limited record, it appears that Namdar has engineered a situation in which his companies are both a creditor and partial owner of the Fordham property, and he is

---

[2] Plaintiff argues that "provisions similar to that of the Operating Agreement provision requiring unanimous Management Committee consent for the filing of a bankruptcy petition are routinely enforced in bankruptcy cases." NYSCEF Doc. No. 25 at 26. But the cases it cites have nothing to do with injunctive relief, much less the balancing of equities test.

**650873/2026   NAMDAR FORDHAM LANDING LLC vs. FORDHAM LANDING PREFERRED SPONSOR, LLC ET AL**
**Motion No.  001**

Page 4 of 8

[* 4]

4 of 8

continuing a foreclosure of the LLC's principal asset while simultaneously preventing Fordham from seeking bankruptcy protection.[3]

Namdar's principal answer is that the Operating Agreement permits such conflicts.[4] NYSCEF Doc. No. 6 (Plaintiff's Memorandum of Law) (citing NYSCEF Doc. No. 3 at Section 12.1). Yet this contractual waiver—even if it were deemed effective—is to be construed in a limited fashion. It does not eliminate consideration of plaintiff's conflict in the balance of equity prong of the preliminary injunction analysis. *Cf. Miller v Brightstar Asia, Ltd.*, 2023 U.S. Dist. LEXIS 159870, *21 (S.D.N.Y. 2023) (construing analogous Delaware law) ("[e]ven though the express terms of the agreement govern the relationship when fiduciary duties are waived, . . . the implied covenant of good faith and fair dealing" could be read into other provisions of the contract because it "cannot be eliminated.") (citation omitted); *Shatz v Chertok*, 2019 N.Y. Misc. LEXIS 4310, *2 (Sup. Ct. N.Y. County) (similar).

**Irreparable Injury/Sufficiency of Money Damages**

Plaintiff's submission also fails on the ground of irreparable injury. Again, plaintiff has failed to meet its heavy burden. Although it contends that its injuries cannot be redressed by money damages, Plaintiff inconsistently argues that "Namdar Fordham could suffer substantial damages from the loss of the equity it has invested in the Company — a sum of approximately $20 million." NYSCEF Doc. No. 25 at 17.

Plaintiff's interest in real estate, or the company, can be valued by appraisers or experts. Yet, plaintiff argues that "an affirmative vote by both representatives on the Management

---

[3] Namdar asserts that there is no harm because the foreclosure proceeding began before his affiliate owned an interest in the property. But, it is undisputed that he has continued to prosecute the foreclosure proceeding.

[4] Namdar also contends that he is not participating in the transactions involving Fordham's property but that only an affiliate of Namdar is involved. NYSCEF Doc. No. 25 at 14. However, at this juncture, factual questions remain as to the extent to which Mr. Namdar profits from and set up the entities in question.

650873/2026   NAMDAR FORDHAM LANDING LLC vs. FORDHAM LANDING PREFERRED
SPONSOR, LLC ET AL
Motion No.  001

Page 5 of 8

5 of 8

[* 5]

Committee is in and of itself an irreparable loss of Namdar Fordham's voting and decision-making rights under the Operating Agreement." *Id.* at 17. This position is meritless.

First, contrary to the apparent suggestion of plaintiff (NYSCEF Doc. No. 2 at 5), courts do not automatically grant injunctive relief in controversies involving shareholder rights. In cases involving the transfer of interests in a corporation, and disputes that inherently involve the voting rights of the transferred interest, courts have often declined to issue injunctive relief. *See Lippe v Bairnco Corp.*, 99 F. App'x 274, 278 (2d Cir. 2004); *Crede CG III, Ltd. v Tanzanian Royalty Exploration Corp.*, 2018 NY Slip Op 32918 (N.Y. County, 2018); *Abbey v Montedison S.p.A.,* 143 Misc. 2d 72, 81-82 (money damages are available to compensate a plaintiff for lost minority interest in a corporation).

Second, it is well settled that the value of voting rights and control over a corporation can be measured in money damages. *SEC v Govil*, 2026 U.S. Dist. LEXIS 10280, *20 (S.D.N.Y. 2026) ("The perceived value of voting rights is accounted for through a 'control premium'"; court accepts SEC's requested disgorgement amount of $6,670,977); *Lippe v Bairnco Corp.,* 99 F. App'x 274, 278 (2d Cir. 2004) ("[T]he addition of control premiums is a standard valuation technique"; discussing appraisers' valuation of control when valuing preferred shares); *Lucente v Int'l Bus. Machines Corp.,* 310 F.3d 243, 262 (2d Cir. 2002) (a "control premium" is often added to the valuation of shares that control a company).

Thus, the New York Court of Appeals has held that an appraisal and payment for shares "affords fair and just compensation to dissenting shareholders." *Beloff v Consolidated Edison Company of New York, Inc.*, 300 N.Y. 11 (1949). The court did not suggest that the voting rights of shareholders are somehow so valuable that they transcend monetary damages and create an entitlement to special equitable protection for which injunctive relief is always necessary.

650873/2026   NAMDAR FORDHAM LANDING LLC vs. FORDHAM LANDING PREFERRED SPONSOR, LLC ET AL
Motion No.  001

Page 6 of 8

6 of 8

[* 6]

Third, it is noteworthy that the applicable operating Agreement contains a mechanism for the monetary valuation of a party's shares after a deadlocked Major Decision. *See* NYSCEF Doc. No. 2, Ex. D (Buy-Sell) Agreement. This mechanism strongly indicates the parties' views that monetary damages are appropriate in the valuation of the shares at issue here. *Verderber v Commander Enters. Centereach LLC*, 2010 WL 390924 (Sup. Ct., Nassau County) (Warshawsky, J.) ("because plaintiffs may be compensated in the form of a money judgment for the fair value of their interests, plaintiffs have not shown a danger of irreparable harm.")

**Clear Showing of Probability of Success on the Merits**

Although this prong poses a closer question, plaintiff has also failed to show a probability of success on the merits. There can be no dispute that the Operating Agreement does not provide a clear contractual provision governing the expulsion of members. But expulsion appears to be contemplated by the parties. This is because Section 13.5 specifies that "the death, retirement, resignation, expulsion, bankruptcy, dissolution or removal of a Member shall not in and of itself cause the dissolution of the Company." NYSCEF Doc. No. 2 at Sec. 13.5 (emphasis added). If the Operating Agreement can never permit expulsion, the term expulsion in Section 13.5 would be rendered surplusage in violation of prevailing law. *See Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 N.Y.2d 334, 339 (2000).

This appears to be similar in application to *Garcia v Garcia*, 187 A.D.3d 859, 861-862 (2d Dep't 2020), wherein the operating agreement contained no explicit mechanism for expulsion of a member. However, the *Garcia* operating agreement stated that "dissociation of a member would occur upon the expulsion of said member." *Id.* at 862. From that provision, the Second Department divined the parties' "intent to allow for the removal of a member." *Id*. In the absence of an explicit provision governing expulsions, the Court fell back upon procedures in the Operating Agreement for other types of operating decisions. *Id.* At this stage of the proceeding, there are sufficient

650873/2026   NAMDAR FORDHAM LANDING LLC vs. FORDHAM LANDING PREFERRED SPONSOR, LLC ET AL
Motion No.  001

Page 7 of 8

[* 7]

7 of 8

questions regarding the likelihood of success on the merits that injunctive relief should be denied, particularly given the above conclusions reached by the Court on the balance of equities and lack of irreparable injury factors.[5]

_____
**3/16/2026**
**DATE**

_____
**James d'Auguste, J.S.C.[6]**

---

[5] In corporate control cases injunctive relief has been denied even when there is a showing of a likelihood of success on the merits. *Hecht v Bowles*, 321 U.S. 321, 329-30 (1944)) (upholding denial of injunction despite finding of securities law violation); *Capital Realty Investors Tax Exempt Fund, Ltd. Pshp. v Dominium Tax Exempt Fund L.L.P.*, 944 F. Supp. 250, 259 (S.D.N.Y. 1996) (denying injunctive relief even though plaintiff in that action had established, inter alia, "that the two letters probably violated Rule 14a-3").

[6] The Court expresses its appreciation for the invaluable assistance provided by its court attorney, Vincent Chang, Esq.

**650873/2026  NAMDAR FORDHAM LANDING LLC vs. FORDHAM LANDING PREFERRED SPONSOR, LLC ET AL**
**Motion No. 001**

**Page 8 of 8**

[* 8]