■ Steven Smolev et al., Respondents-Appellants, v Carole Hochman Design Group, Inc., Appellant-Respondent. [913 NYS2d 79]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered March 29, 2010, which, to the extent appealed from, granted so much of plaintiffs' motion for summary judgment as sought a declaration that defendant is liable to plaintiffs for amounts under the parties' asset purchase agreement, and so declared, and denied so much of the motion as sought summary judgment on the breach of contract cause of action, unanimously modified, on the law, to deny the part of the motion that sought summary judgment declaring that defendant is

liable to plaintiffs for amounts due under the asset purchase agreement and to vacate the declaration, and otherwise affirmed, without costs.

The record presents questions of fact whether plaintiffs breached certain nondisparagement and consulting agreements in connection with the sale of their business to defendant and, if so, whether the breaches were material under these agreements, i.e., were "so substantial and fundamental as to strongly tend to defeat the object of the parties in making the contract" (*Callanan v Keeseville, Ausable Chasm & Lake Champlain R.R. Co.*, 199 NY 268, 284 [1910]). With respect to the consulting agreements, there is evidence that plaintiffs Arlene Smolev and Hayley Denman failed to provide consulting services, meet deadlines and provide useful ideas to be incorporated into a viable product line. With respect to the nondisparagement agreements, there is evidence that Denman made disparaging remarks in front of individuals who were not employees of defendant during meetings with potential buyers of plaintiffs' business and that Arlene Smolev engaged in conduct and made statements disparaging of defendant and its products and employees in front of defendant's employees.

The parties agree that the consulting and nondisparagement agreements were part of the asset purchase pursuant to the asset purchase agreement and thus should be read together with the asset purchase agreement as a single contract. Accordingly, questions of fact exist whether the breaches of the nondisparagement and consulting agreements, if any, were material under the asset purchase agreement so as to relieve defendant of its payment obligations thereunder.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, Freedman and Manzanet-Daniels, JJ.