■ BROADWAY 500 WEST MONROE MEZZ II LLC et al., Appellants, v TRANSWESTERN MEZZANINE REALTY PARTNERS II, LLC, et al., Respondents. [915 NYS2d 248]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 8, 2010, which denied plaintiffs' motion for a preliminary injunction to enjoin defendants Transwestern Mezzanine Realty Partners II, LLC and 500 W Monroe Mezz II, LLC c/o Piedmont Office Realty Trust, Inc. from foreclosing on plaintiffs' equity interest in property located at 500 West Monroe Street in Chicago and to require defendants to deposit into escrow certain funds derived from the property, unanimously affirmed, without costs.

Plaintiffs' principal claim that Transwestern breached its contract by not paying the senior loan extension costs is foreclosed by the plain language of the forbearance agreement and its amending documents, including the 2010 letter agreement, which restored to plaintiffs the right to extend the senior loans without Transwestern's consent and, in exchange, provided that neither the borrower nor the lender was obligated "to make any payment or incur any expense on account of the Second Senior Extension Costs." Transwestern's construction of the letter agreement as commercially reasonable is supported by the record evidence, which demonstrates that Transwestern had serious doubts about whether further extensions made economic sense and accordingly drafted the letter agreement so that either party could extend the loan but could not compel the other to pay the costs of the extension. Plaintiffs' remaining claims against Transwestern and 500 W Monroe lack sufficient evidentiary support. Moreover, Transwestern's discussions about the loan with 500 W Monroe were consistent with the terms of the forbearance agreement and the loan documents.

Since "[plaintiffs'] interest in the real estate is commercial, and the harm [they] fear[ ] is the loss of [their] investment, as opposed to loss of [their] home or a unique piece of property in which [they have] an unquantifiable interest," they can be compensated by damages and therefore cannot demonstrate irreparable harm (see *SK Greenwich LLC v W-D Group [2006] LP*, 2010 WL 4140445, *3, 2010 US Dist LEXIS 112655, *8-9 [2010]). Plaintiffs maintain that it would be impossible "to quantify the future value of the revenue stream and waterfall from the Property." However, even lost profits that are difficult to ascertain can be compensated by money damages (*Sterling Fifth Assoc. v Carpentille Corp.*, 5 AD3d 328, 329 [2004]). Plaintiffs have offered no evidence in support of their claim of injury to reputation (see *Jacob H. Rottkamp & Son, Inc. v Wulforst Farms, LLC*, 17 Misc 3d 382, 388 [2007]).

The balance of equities weighs in defendants' favor since 500 W Monroe has expended significant funds in connection with the foreclosure sale, in addition to payments of approximately $1,131,954 to extend the mortgage and mezzanine A loans on behalf of plaintiffs, and plaintiffs have not paid the loan or the extension fees.

Given the unlikelihood of plaintiffs' succeeding on the merits and the availability of money damages, we see no need for defendants to place funds in escrow. Concur—Saxe, J.P., Moskowitz, Richter, Manzanet-Daniels and Román, JJ.