■ In the Matter of G BUILDERS IV, LLC, Respondent, v MADISON PARK OWNER, LLC, Appellant. (And Another Action.) [924 NYS2d 75]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered May 10, 2010, which granted the petition brought pursuant to CPLR article 75 and issued a preliminary injunction staying the arbitration, unanimously reversed, on the law, without costs, the petition denied, and the preliminary injunction vacated.

Initially we note that Supreme Court did not specify whether it was staying arbitration pursuant to CPLR 7503 (b) or issuing a preliminarily injunction pursuant to CPLR 7502 (c). The order could not have been issued pursuant to CPLR 7503 (b) because petitioner is the party that commenced the arbitration proceeding and, therefore, cannot be deemed to constitute "a party who has not participated in the arbitration" such that a stay of that proceeding could be warranted under CPLR 7503 (b). Thus, the order must stand, if at all, as a preliminary injunction issued pursuant to CPLR 7502 (c).

Petitioner was not entitled to a preliminary injunction for several reasons. First, petitioner's reliance upon the Fifth Amendment privilege against self-incrimination is entirely unavailing. The notion that a corporation could somehow benefit from a personal invocation of the Fifth Amendment privilege

has repeatedly been rejected (*Bellis v United States*, 417 US 85, 88 [1974]; *United States v White*, 322 US 694, 699 [1944]; *Grant v United States*, 227 US 74 [1913]; *Big Apple Concrete Corp. v Abrams*, 103 AD2d 609, 612-613 [1984]).

Neither did petitioner demonstrate irreparable harm such that equity ought to intercede. The supposed increased costs of the arbitration are not the type of irreparable injury that warrant injunctive relief because even if they were certain to occur, the damages would be quantifiable (*see Broadway 500 W. Monroe Mezz II LLC v Transwestern Mezzanine Realty Partners II, LLC*, 80 AD3d 483 [2011]). The mere possibility that witnesses would invoke a privilege within the context of the arbitration proceedings also does not constitute irreparable harm because it is speculative and petitioner is entirely free to present evidence other than the testimony of those witnesses to establish its case in a proceeding which, notably, it commenced (*see Willow Media, LLC v City of New York*, 78 AD3d 596 [2010]; *GFI Sec., LLC v Tradition Asiel Sec., Inc.*, 61 AD3d 586 [2009]).

Most importantly, Supreme Court abused its discretion by not conditioning the granting of the preliminary injunction upon the petitioner posting an undertaking in an amount fixed by the court as required by statute (*see* CPLR 6312 [b] [1]).

We have considered the parties' remaining contentions and find them unpersuasive. Concur—Tom, J.P., Saxe, Acosta, Freedman and Abdus-Salaam, JJ.