■ SOLDIERS', SAILORS', MARINES' AND AIRMEN'S CLUB INC., Respondent, v THE CARLTON REGENCY CORP., Appellant-Respondent/Third-Party Plaintiff-Appellant-Respondent. JAMES CONFORTI, III, et al., Third-Party Defendants/Counterclaim Plaintiffs-Respondents-Appellants, v THE COMMINGLED PENSION TRUST FUND (MORTGAGE PRIVATE PLACEMENT) OF JPMORGAN CHASE BANK, N.A. Counterclaim Defendant. (And Other Actions.) [10 NYS3d 65]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered December 23, 2013, which, to the extent appealed from as limited by the briefs, denied defendant/third-party plaintiff Carlton Regency Corp.'s (the Cooperative) motion for summary judgment dismissing the counterclaims asserted by third-party defendants James Conforti and Dean Stephen Lyras that are based on a 2006 agreement between the Cooperative and Conforti, and denied Conforti and Lyras's motion to vacate a ruling staying eviction proceedings against plaintiff,

Soldiers', Sailors', Marines' and Airmen's Club, Inc. (the Club), unanimously modified, on the law, the matter remanded to determine the amount of the undertaking to be posted, and otherwise affirmed, without costs.

In this action concerning a 1972 lease and sublease, a 1980 Agreement of Purchase of Air Rights Parcel, and several subsequent and related agreements, the parties dispute, among other things, their rights and obligations concerning the building at 281-283 Lexington Avenue, which is currently occupied by the Club, a charitable organization providing, among other things, housing for current and former military servicemen and women and their families who are passing through New York. On appeal, the Cooperative limits its argument in support of partial summary judgment dismissing Conforti and Lyras's counterclaims for declaratory relief, breach of contract, promissory estoppel, and breach of the implied warranty of good faith and fair dealing to its contention that Conforti breached the 2006 agreement by failing to reimburse rent payments after February 2008.

The motion court correctly concluded that there are questions of fact as to whether Conforti was in breach and, if so, whether the breach was material (*see Smolev v Carole Hochman Design Group, Inc.*, 79 AD3d 540, 541 [1st Dept 2010]). Similarly, there are issues of fact as to whether the Cooperative anticipatorily breached the 2006 agreement, as well as agreements entered into in 2003, by communicating its intention to forgo its obligations under those agreements and taking actions contrary to its obligations under those agreements (*see Soldiers', Sailors', Marines' & Airmen's Club, Inc. v Carlton Regency Corp.*, 95 AD3d 687, 690 [1st Dept 2012]).

Contrary to Conforti and Lyras's contention, the procedure for issuance of a stay of commencement of eviction proceedings against the Club did not violate their due process rights or any provision of the CPLR. The court did not improvidently exercise its discretion in issuing the stay pending resolution of this litigation concerning the parties' rights under the various agreements, in light of the irreparable harm that eviction proceedings, and certainly eviction, would cause the Club and the uncertainty of the parties' rights (*Gilliland v Acquafredda Enters., LLC*, 92 AD3d 19, 24-27 [1st Dept 2011]). However, the court did not address their request that a bond be posted to protect their interest in income from the property following expiration of the sublease in March 2013. It was an abuse of discretion to grant the injunction without requiring any undertaking, even a nominal one (*see Franco v 172 E Holdings*

*LLC*, 110 AD3d 636 [1st Dept 2013]; *Matter of G Bldrs. IV, LLC v Madison Park Owner, LLC*, 84 AD3d 694, 695 [1st Dept 2011]). Concur—Mazzarelli, J.P., Acosta, Renwick, Manzanet-Daniels and Feinman, JJ.