Shagalov v Edelman (2018 NY Slip Op 03240)





Shagalov v Edelman


2018 NY Slip Op 03240


Decided on May 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2018

Richter, J.P., Gesmer, Oing, Singh, Moulton, JJ.


6449N 655576/17

[*1] Anatole Shagalov, et al., Plaintiffs-Respondents-Appellants,
v
Asher Edelman, et al., Defendants-Appellants-Respondents, John Does 1-20, Defendants.


Hughes Hubbard & Reed LLP, New York (Daniel H. Weiner of counsel), for appellants-respondents.
Barton LLP, New York (Mathew E. Hoffman of counsel), for respondents-appellants.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered November 21, 2017, which, inter alia, granted plaintiffs' motion for a preliminary injunction enjoining defendants from transporting, transferring, disposing, alienating, pledging, assigning, or otherwise encumbering or moving Keith Haring's "Untitled (March 5, 1984)" and Frank Stella's "Guifa E La Berretta Rossa" and "La Scienza della Fiacca," and denied the posting of an undertaking, unanimously modified, on the law, to remand the matter for the fixing of an adequate undertaking, and otherwise affirmed, without costs. Plaintiffs' cross appeal from the foregoing order unanimously withdrawn, before argument, pursuant to the parties' stipulation filed April 9, 2018.
Plaintiffs demonstrated that the parties' arrangement may constitute a collateralized loan and that therefore they were entitled to notice concerning the disposition of the collateral under UCC article 9. Accordingly, plaintiffs met their burden of establishing a reasonable probability of success on the merits of their claim that defendants violated their UCC article 9 rights when they sold Haring's "Untitled (June 3, 1984)" and the Haring Tarp (see Barbes Rest. Inc. v ASRR Suzer 218, LLC, 140 AD3d 430, 431 [1st Dept 2016]; Four Times Sq. Assoc. v Cigna Invs., 306 AD2d 4, 5 [1st Dept 2003]). This is so even assuming that plaintiffs' failure to disclose nonparty Paul Kasmin Gallery's asserted 40% ownership interest in Stella's "La Scienza della Fiacca" at the time of the parties' April 2016 execution of the sale and lease agreements constituted an Event of Default as defined in those agreements.
Given the unique nature of the art works at issue, and regardless of their art dealer status, plaintiffs established that they would be irreparably harmed absent the requested preliminary injunction (see Danae Art Intl. v Stallone, 163 AD2d 81 [1st Dept 1990]; see also Christie's Inc. v Davis, 247 F Supp 2d 414, 424 [SD NY 2002]). The balance of the equities weighs in plaintiffs' favor. The record shows that, even while learning — directly from Kasmin — on August 9, 2017, that any issues with La Scienza would be resolved by August 25, 2017, defendants took active steps to market the works to third parties, without plaintiffs' knowledge and while purporting to afford plaintiffs a chance to exercise their repurchase option under the agreements.
Plaintiffs are required to post an undertaking (CPLR 6312[b]). We remand the matter to Supreme Court to fix the amount of the undertaking (see Matter of Rockwood Pigments NA, Inc. v Elementis Chromium LP, 124 AD3d 509 [1st Dept 2015]; Honeywell Intl. v Freedman & Son, 307 AD2d 518 [3d Dept 2003]).
We have considered defendants' remaining arguments, including that this case should be assigned to another justice, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 3, 2018
CLERK