Slifka v Slifka (2018 NY Slip Op 04515)





Slifka v Slifka


2018 NY Slip Op 04515


Decided on June 19, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2018

Friedman, J.P., Sweeny, Webber, Kahn, Oing, JJ.


652058/17 -6916 6915 6914

[*1]Randolph Slifka, et al., Plaintiffs-Respondents,
v
Barbara Slifka, et al., Defendants-Appellants.


Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York (Allan J. Arffa of counsel), for Barbara Slifka, 477 Madave Associates,
477 Madave Management Corp., 477 Madave Holdings, LLC,
J.A.B. Madison Associates LLC, J.A.B. Madison Management Corp.
and J.A.B. Madison Holdings LLC, appellants.
Shearman & Sterling LLP, New York (K. Mallory Brennan of counsel), for SRI Ten 477 Madison LLC and SRI Ten 477 Madison TRS LLC, appellants.
Proskauer Rose LLP, New York (Steven H. Holinstat of counsel), for David Slifka, for appellant.
Stempel Bennett Claman & Hochberg, P.C., New York (Richard L. Claman of counsel), for respondents.



Orders, Supreme Court, New York County (Eileen Bransten, J.), entered January 31, 2018, which held in abeyance defendants' motions to dismiss the complaint pending a decision by the Surrogate's Court on plaintiffs' petition for, inter alia, revocation of the letters testamentary appointing defendant Barbara Slifka as executor of Joseph Slifka's estate and a declaration that Barbara Slifka is no longer managing partner of defendant 477 Madave Associates, and continued a "stay/TRO" prohibiting any transfer and/or sale of real property and the commercial building at 477 Madison Avenue until the issuance of the Surrogate's decision, unanimously modified, on the law, to remand the matter for the fixing of an undertaking, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered October 30, 2017, unanimously dismissed, without costs, as academic.
Upon due consideration of the goals of judicial economy and the prevention of inequitable results, we conclude that Supreme Court providently exercised its discretion in staying this action pending resolution of the related action pending in Surrogate's Court.
The court erred in enjoining the sale of property at issue pending the decision by the Surrogate pursuant to a temporary restraining order, which does not require an undertaking (CPLR 6313[c]). The TRO is merely a provisional remedy pending a hearing on a motion for a preliminary injunction (see CPLR 6313[a]), and the court did not schedule a hearing on plaintiffs' motion. However, it issued the "stay/TRO" after allowing both sides an opportunity to be heard. Thus, the relief is in fact a preliminary injunction, and plaintiffs are required to post an [*2]undertaking (CPLR 6312[b]). We remand to Supreme Court to fix the amount of the undertaking (see Shagalov v Edelman, ___, AD3d ___, 2018 NY Slip Op 03240 [1st Dept 2018]; Matter of G Builders IV, LLC v Madison Park Owner, LLC, 84 AD3d 694, 695 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 19, 2018
CLERK