Rosenblum v Rosenblum (2018 NY Slip Op 04846)





Rosenblum v Rosenblum


2018 NY Slip Op 04846


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Friedman, J.P., Tom, Mazzarelli, Singh, JJ.


7018 654177/15

[*1]Kenneth Rosenblum, Plaintiff-Appellant,
v
Bernice Rosenblum, Defendant-Respondent.
In re Kenneth Rosenblum, etc., Petitioner,
v
Bernice Rosenblum Respondent.


Schlam Stone & Dolan LLP, New York (Richard H. Dolan of counsel), for appellant.
Stroock & Stroock & Lavan LLP, New York (Kevin L. Smith of counsel), for respondent.



Order, Supreme Court, New York County (Melissa Crane, J.), entered on or about December 26, 2017, which denied plaintiff's motion for partial summary judgment to enforce a settlement agreement between the parties and to dismiss defendant's counterclaims, unanimously modified, on the law, the motion granted to the extent of dismissing the second through fifth counterclaims only to the extent they are based on alleged conduct that occurred prior to execution of the settlement agreement, and otherwise affirmed, without costs.
Plaintiff Kenneth Rosenblum and his mother, defendant Bernice Rosenblum, own equal interests in certain entities and real property, including a partnership, Standard Realty Associated (Standard). On October 2, 2013 the parties entered into a settlement agreement (the agreement) intended to resolve Bernice's claims that Kenneth had improperly transferred $14.5 million out of Standard for his personal use and deprived Standard of business opportunities. Under the agreement, Bernice agreed to release Kenneth from those claims in consideration for his payment of $14 million to Standard, "in full payment of the loans and business opportunities he has taken from Standard," and to "fully repay said sum to Standard prior to entering into or funding in any way any other business transaction, but in any event on or before June 1, 2017."
Kenneth subsequently paid approximately $6 million of the total amount due under the agreement and commenced this action seeking to dissolve the parties' joint businesses and partition their properties. In her answer, Bernice asserted counterclaims alleging that Kenneth had breached the agreement by communicating his intent not to make full payment and that he had breached his fiduciary duty to Standard and other entities by diverting business opportunities. Thereafter, but prior to the June 1, 2017 final deadline, Kenneth paid Standard the remaining amount due under the agreement, and moved to enforce the agreement and dismiss all of Bernice's counterclaims.
Bernice contends that Kenneth is not entitled to enforcement of the agreement because, in violation of its terms, he engaged in other business transactions prior to making the final settlement payment. Moreover, his breach of the agreement excuses her from complying with the release provision of the agreement. Kenneth contends that the timing of the settlement payment was not a material term of the agreement and, in any event, Bernice has accepted the benefit of his payment.
Contrary to Kenneth's position, it cannot be said as a matter of law that the provision of [*2]the agreement requiring him to make full payment before entering into any other business transaction was not a material term of the agreement (see N450JE LLC v Priority 1 Aviation, Inc., 102 AD3d 631, 632 [1st Dept 2013]; Smolev v Carole Hochman Design Group, Inc., 79 AD3d 540, 541 [1st Dept 2010]). However, assuming the term were found to be material after trial, any right Bernice had to repudiate the agreement because of Kenneth's untimely payments is vitiated by her retention of the benefit of the agreement (see Tibbetts Contr. Corp. v O & E Contr. Co., 15 NY2d 324, 338 [1965]; Walker v Arpindo Corp., 194 AD2d 503 [1st Dept 1993]; cf. Netherby Ltd. v G.V. Trademark Invs., 261 AD2d 160 [1st Dept 1999]).
Nevertheless, defendant may recover contract damages resulting from Kenneth's breach of the payment terms of the agreement, which deprived defendant and Standard of the use of the money. Similarly, to the extent defendant's counterclaims for breach of fiduciary duty allege that Kenneth continued to breach his fiduciary duty to defendant and their entities after the execution of the agreement for, inter alia, loss of business opportunities, the counterclaims are not affected by the full payment of the settlement sum.
With respect to the first and sixth counterclaims concerning the property located on West 11th Street, issues of fact remain as to its ownership.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK