Sticky's Holdings LLC v Abrahamian (2024 NY Slip Op 01618)

Sticky's Holdings LLC v Abrahamian

2024 NY Slip Op 01618

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 654914/19 Appeal No. 1900 Case No. 2023-00806 

[*1]Sticky's Holdings LLC, Plaintiff- Respondent,
v
Paul Abrahamian, Defendant-Appellant.

Karlinsky LLC, Cornwall-on-Hudson (Martin E. Karlinsky of counsel), for appellant.
Brick Law PLLC, White Plains (Brian H. Brick of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 13, 2003, which, insofar as appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the claim alleging violation of the nondisparagement clause of the termination agreement, unanimously affirmed, with costs.
The motion court correctly determined that questions of fact barred summary resolution of this matter in defendant's favor (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Plaintiff points to statements made by defendant, including, as described by an investor, excessive and belligerent texts received from defendant that criticized board members and stated that the business was not performing well because of their management. Thus, questions of fact exist as to whether defendant breached the nondisparagement clause in the parties' termination agreement (see Smolev v Carole Hochman Design Grp., Inc., 79 AD3d 540 [1st Dept 2010]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024